923 So.2d 751 (2006)
James SAUNDERS
v.
Julian STAFFORD, Anthony Amato and the Orleans Parish School Board, et al.
No. 2005-CA-0205.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 2006.
*752 Willie M. Zanders, Sr., New Orleans, LA, for Plaintiff/Appellee.
Roy J. Rodney, Jr., John K. Etter, Rodney Law Firm, LLC, Lafayette, LA, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
James Saunders sought a preliminary injunction when the Orleans Parish School Board, et al., removed him from Jean Batiste de Bienville Elementary, prior to a Level II Administrative Hearing, but in response to allegations from employees at the elementary school. The trial court issued a preliminary injunction against defendants, the Orleans Parish School Board, Dr. Julian Stafford and Superintendent Anthony Amato, and ordered defendants to immediately return Mr. Saunders to Bienville Elementary until he has been afforded full due process and other contractual or legal rights under Orleans Parish School Board Policy 4115.26. It is from this judgment that defendants appeal.

FACTS AND PROCEDURAL HISTORY
James Saunders, ("Mr.Saunders") a twenty-seven (27) year employee of the Orleans Parish School Board, was serving as Principal of Jean Batiste de Bienville Elementary ("Bienville Elementary") School for approximately seven (7) years as of the 2004-2005 academic school year. On December 1, 2004, Agreta Taylor-Patterson ("Mrs.Patterson"), the Literary Facilitator at Bienville Elementary, sent correspondence to the attention of Mr. Saunders' supervisor, Dr. Julian Stafford ("Dr. Stafford"), the Superintendent of Area III. Mrs. Patterson conveyed to Dr. Stafford that she felt certain comments made by Mr. Saunders directed at her specifically and made in the presence of other employees of Bienville Elementary, were disrespectful and unprofessional. In response to Mrs. Patterson's letter, Dr. Stafford conducted what he termed an "administrative conference" in his office on December 1, 2004, to discuss the allegations set forth by Mrs. Patterson. Present at the meeting were Dr. Mabel Phillips and Mrs. Evelyn Francois, Area III Administrators. In the presence of both Area III Administrators, Dr. Saunders interviewed complainants and their *753 written statements were taken. Following the administrative conference, Dr. Stafford informed Mr. Saunders that a letter would be sent to him concerning his findings.
On December 9, 2004, Dr. Stafford forwarded a letter to Mr. Saunders informing him that, in light of the "administrative conference" held on December 1, 2004, in which allegations that Dr. Saunders behaved in an unprofessional matter, used inappropriate language and exhibited inappropriate behavior in Bienville Elementary School, which created a hostile work environment and generated mental anguish among several employees and students therein, reassignment to a teaching position was warranted, pending the outcome of the investigations. However, Mr. Saunders would retain his Principal status and pay throughout the remainder of the academic school year.
On December 10, 2004, Dr. Stafford forwarded correspondence to Mr. Saunders formally notifying him of charges against him for "immorally, inappropriate, and emotionally behavior and language, which has created a hostile work environment." The December 10, 2004 memorandum also informed Mr. Saunders of a Level I Administrative Hearing scheduled for December 17, 2004, to afford Mr. Saunders the opportunity to officially respond to the aforementioned allegations. Mr. Saunders was notified that although his reassignment to a teaching position was "placed in abeyance" and that his employment status was to remain that of Principal of Bienville Elementary, he was "not to go to Bienville for any reason" and that he was required to report to the School Board's Central Office during the administrative hearing process.
The Level I Administrative Hearing scheduled for December 17, 2004, was cancelled and rescheduled for January 7, 2005, per Mr. Saunders' request. Upon conclusion of the Level I Administrative Hearing, Dr. Stafford sent correspondence to Mr. Saunders conveying that there were findings of fact that affirm that he exemplified behavior that was unprofessional, used inappropriate language and exhibited inappropriate behavior, resulting in a hostile work environment and causing some staff to suffer mental anguish. The findings of the Level I Administrative Hearing were forwarded to the New Orleans Public Schools' Chief Hearing Officer for a Level II Administrative Hearing to determine the appropriate consequence warranted for such behavior.
On January 14, 2005, Robert Gaut, Hearing Officer for the New Orleans Public Schools Employee Relations Unit, forwarded a memo to Dr. Stafford requesting any documentation for the Saunders case, i.e. statements and any warnings or other materials, which may be contained in his files regarding Mr. Saunders.
On January 18, 2005, Hearing Officer Robert Gaut, forwarded a letter to Mr. Saunders, informing him of the Level II Administrative Hearing scheduled February 11, 2005, to address the formal charges of "Unprofessional Behavior, Creating a Hostile Work Environment, and Generating Mental Anguish for the Faculty and Some Students of Bienville Elementary School." He was further advised that during this Level II Administrative Hearing, he was allowed to bring representation.
On January 19, 2005, Mr. Saunders filed a Petition for Injunction Relief seeking to have the Orleans Parish School Board enjoined from removing him as Principal of Bienville Elementary School until Mr. Anthony Amato, the Superintendent and Dr. Stafford had afforded him due process under Orleans Parish School Board Policy and state law. On January 20, 2005, the trial court issued a Temporary Restraining Order directed to the Orleans Parish *754 School Board, Dr. Stafford and Mr. Amato, restraining, enjoining and prohibiting them and their agents from temporarily or permanently removing Mr. Saunders as Principal of Bienville Elementary until he is afforded due process and other contractual or legal rights under Orleans Parish School Board Policy 4115.26. The court further ordered that Mr. Saunders was to remain in his temporary assignment at the New Orleans Public School's Student Hearing Office until the trial court made a decision following the contradictory hearing on the preliminary injunction. In its January 20, 2005 judgment, the trial court further ordered that Mr. Saunders and his attorney be afforded the opportunity to review and/or copy any and all letters, documents, complaints, statement used by the defendants in connection with the charges in the Level I Administrative Hearing conducted on January 1, 2005 and those which were to be used in the Level II Administrative Hearing.
On January 26, 2005, the trial court issued a preliminary injunction directed to the Orleans Parish School Board, Dr. Stafford and Mr. Amato, restraining, enjoining and prohibiting them and their agents from temporarily or permanently removing Mr. Saunders as Principal of Bienville Elementary until he is afforded due process and other contractual or legal rights under Orleans Parish School Board Policy 4115.26. The trial court further ordered that Mr. Saunders be reinstated as Principal of Bienville Elementary School until he has been afforded full due process and other contractual or legal rights under Orleans Parish School Board Policy 4115.26. It is from this judgment that the Orleans Parish School Board, Dr. Stafford, and Mr. Amato appeal.

ASSIGNMENTS OF ERROR
The Orleans Parish School Board asserts that the trial court committed an error of law in failing to consider whether Mr. Saunders exhausted his administrative remedies prior to petitioning the trial court; that the trial court committed error of law in finding that there was insufficient evidence to support the sexual harassment charges; that the trial court committed error of law in failing to consider Act 193 in light of Dr. Stafford's actions; and the trial court committed factual error in determining that Mrs. Patterson's letter was not a complaint of sexual harassment.

Standard of Review
Review of the granting or denial of a preliminary injunction is whether the trial court committed an error of law or made a factual finding which is manifestly erroneous or clearly wrong. Kruger v. Garden Dist. Ass'n 779 So.2d 986, 990 (La.App. 4 Cir.2001). A preliminary injunction is an interlocutory procedural device designed to preserve the existing status pending a trial of the issues on the merits of the case. An injunction shall be issued in cases where irreparable injury, loss or damage may otherwise result to the applicant. La. C.C.P. art. 3601. In addition to irreparable harm, the petitioner must show that he is entitled to the relief sought and must establish a prima facie showing that he will prevail on the merits of the case. General Motors Acceptance Corporation v. Daniels, 377 So.2d 346 (La. 1979). Irreparable injury means the petitioner cannot be adequately compensated in money damages for his injury or suffers injuries, which cannot be measured by pecuniary standards. HCNO Services, Inc. v. Secure Computing Systems, Inc., 693 So.2d 835, 843 (La.App. 4 Cir.1997). However, it is not necessary to show irreparable injury when deprivations of a constitutional right is involved. Kruger v. Garden Dist. Ass'n, 779 So.2d 986, 990 (La.App. 4 Cir.2001).
Mr. Saunders asserts that he was denied due process when he was removed from his position as Principal of Bienville Elementary *755 School prior to a Level II and Board-Level Hearing. The Orleans Parish School Board contends that Mr. Saunders was removed properly and in accordance with the OPSB Sexual Harassment Policy 4116.12. The Orleans Parish School Board asserts that the Sexual Harassment Policy gives the Superintendent the authority to take immediate disciplinary action without Board approval, including suspension or dismissal. The Orleans Parish School Board Sexual Harassment Policy 4116.12 states in pertinent part:
"employees who feel that they are being sexually harassed by any board employee should report their complaint to the offending employee's supervisor. Complaints may be lodged against administrators, supervisors, co-workers, or any other employee in the system, whose actions interfere with work performance or create an intimidating, hostile, or offensive working environment.
...
If complaints are made, they will be investigated. Should the facts appear to support such a complaint, immediate disciplinary action will be taken against the offending employee. Such action may include, but not be limited to: a warning, a suspension, or dismissal."
Personnel Policy 4116.12.
After careful review of the record, we find, as did the trial court, that Mrs. Patterson's affidavit does not state that she filed a complaint against Petitioner. Further, the record is absent any evidence that there was any formal complaint on the basis of sexual harassment filed with Mr. Saunders' supervisor. The record establishes that the Orleans Parish School Board failed to inform Mr. Saunders that the charges against him involved sexual harassment, nor does the record evidence a claim of sexual harassment being filed against him. All correspondence forwarded to Mr. Saunders communicated that the allegations being investigated were his action of creating a hostile work environment. Accordingly, we find that the trial court did not err in its application of the Orleans Parish School Board Policy 4115.26, which addresses The Involuntary Transfer of Principals and Assistant Principals, as opposed to Orleans Parish School Board Policy 4116.12, which addresses allegations of sexual harassment.
Mr. Saunders asserts that his demotion and transfer are violative of Orleans Parish School Board Policy 4115.26. The policy of Involuntary Transfer of Principals and Assistant Principals state in pertinent part:
For various reasons, including the reclassification or closure of a school or for the best interest of the school system as specifically stated, it may become necessary for the Board to reassign principals and assistant principals on the recommendation of the Superintendent. ... [T]he Superintendent will give notification as early as possible to the affected employee who may submit assignment preferences which will be considered by the Superintendent in effectuating the transfer.
The Orleans Parish School Board developed and implemented a policy for the involuntary transfer of principals and assistant principals. This policy requires the Board to take action upon the recommendation of the Superintendent. It further provides that the Superintendent first conduct an advisory conference with the employees and to develop a written plan for improvement. In the case at bar, in light of the Orleans Parish School Board's existing policy for the involuntary transfer of principals, the Board was required to take action in reassigning Mr. Saunders upon the recommendation of Dr. Stafford. It is evident from the record that Dr. Stafford reassigned Mr. Saunders on December 09, 2004. Dr. Stafford and the Orleans Parish *756 School Board acted in direct contravention with their policy for Involuntary Transfer of Principals and Assistant Principals.
In light of defendants' actions, which were violative of their own policy, Mr. Saunders' procedural due process right have been violated. Accordingly, we do not find that the trial court erred in granting Mr. Saunders' motion for injunctive relief, nor do we find that the trial court erred in holding that the record was absent any evidence to support a finding of sexual harassment charges.

CONCLUSION
For the reasons stated herein, in light of an absence of finding that the trial court committed error of law, was manifestly erroneous or clearly wrong, we affirm the trial court's granting of Mr. Saunders' preliminary injunction.