DENNIS R. BAGNERIS, SR., Judge.
|,Plaintiff, First NBC Bank (“FNBC”), appeals a judgment of the trial court, which denied its request for a writ of mandamus and a preliminary injunction following the sale of immovable property at a Sheriffs sale to the highest bidder, intervenor Alfortish Holdings, L.L.C. (“Al-fortish”). On appeal, Alfortish filed a motion to strike certain portions of FNBC’s reply brief. For the following reasons, we affirm the judgment of the trial court; and we deny Alfortish’s motion to strike portions of FNBC’s reply brief.
FACTS
On November 24, 2010, Marlin N. Gus-man, defendant and Sheriff for the Parish of Orleans, conducted a public auction of immovable property located at 984 Topaz Street situated in the Parish of Orleans, State of Louisiana (the “Property”). Al-fortish was the successful bidder at the public auction and the Property was sold for $255,000.00. On that same date, Al-fortish tendered a deposit to the Sheriff for 10% of the bid amount, or $25,500.00, with the balance to be paid within thirty days. Alfortish paid the full purchase price for the Property on January 7, 2011.
|2On January 14, 2011, FNBC, a junior lien holder of the Property, filed a petition for writ of mandamus and temporary restraining order against Sheriff Gusman alleging that because the balance of the purchase price was not paid within thirty days of the public auction, a temporary restraining order and writ of mandamus should be issued to enjoin the Sheriff from proceeding with the sale of the Property and to order the Sheriff to re-advertise the Property for sale. In its petition, FNBC declared that its counsel contacted the Sheriffs office on January 11, 2011 and was informed that the purchase price had not been paid by that date. Attached to the petition was a copy of a January 6, 2011 letter faxed to the Sheriffs office, claiming that FNBC was an “interested party” and requesting that the Sheriff re-advertise the Property for sale because more than thirty days elapsed since the adjudication of the Property and the balance of the purchase remained unpaid. Based on these allegations, which were not confirmed by supporting affidavits, the trial court issued a temporary restraining order on January 14, 2011, “restraining Marlin N. Gusman, or anyone acting on his behalf or at his direction from proceeding with the sale of the immovable property referenced in the foregoing petition.” The trial court further ordered that security be fixed at $15,000.00, which FNBC paid on January 20, 2011.
On January 20, 2011, Alfortish filed a petition for intervention, requesting a judgment denying FNBC’s request for a preliminary injunction and writ of mandamus and awarding all damages and expenses, including attorney’s fees, incurred as a result of FNBC’s filing of the petition and wrongfully obtaining the temporary restraining order. On January 25, 2011, Alfortish filed an opposition to petition for writ of mandamus and temporary restraining order arguing that because of the crash of the computer system for the Orleans Parish Conveyance Office, [.«¡which occurred on October 26, 2010 and continued until January 4, 2011, it was unable to confirm clear title. Due to the crash, Al-fortish alleges that it obtained a written extension of time through January 14, 2011 from the seizing creditor, Wells Fargo Bank, and provided that extension to the Sheriff on December 22, 2010. Attached to the opposition, the co-manager of Al-fortish, Timothy R. Alfortish, filed an affidavit stating that on December 17, 2010, he “obtained an oral extension to pay the remaining amount due for the sale of the Property through and until January 14, *356 2011 from the seizing creditor, Wells Fargo Bank” and that “[o]n December 22, [2010] a representative of Wells Fargo Bank, Catherine Middleton, sent an email to Brenda Douglas from the Sheriffs Office, confirming the extension of time through and until January 14, 2011.”
After a hearing on January 26, 2011, the trial court denied FNBC’s application for a preliminary injunction and writ of mandamus. On January 28, 2011, Sheriff Gus-man completed the sale to Alfortish and recorded an act of transfer in the Orleans Parish Conveyance Office. FNBC now appeals the judgment denying the preliminary injunction and writ of mandamus.
STANDARD OF REVIEW
To obtain a preliminary injunction, a petitioner must demonstrate that he will suffer irreparable injury, that the petitioner is entitled to the relief sought, and must make a prima facie showing that he will likely prevail on the merits of the case. Saunders v. Stafford,, 2005-0205, p. 5 (La.App. 4 Cir. 1/11/06), 923 So.2d 751, 754. A “[r]eview of the granting or denial of a preliminary injunction is whether the trial court committed an error of law or made a factual finding which is manifestly erroneous or clearly wrong.” Id. |4Further, a mandamus is an extraordinary remedy, which must be used sparingly by the court and only to compel action that is clearly provided by law. Allen v. St. Tammany Parish Police Jury, 96-0938, p. 4, (La.App. 1 Cir. 2/14/97), 690 So.2d 150, 153. Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. Id. The remedy is not available to command the performance of an act that contains any element of discretion, however slight. Fire Protection Dist. Six v. City of Baton Rouge Dept. of Public Works, 2003-1205, p. 3 (La.App. 1 Cir. 12/31/03), 868 So.2d 770, 772.
DISCUSSION
The issue on appeal is whether the trial court erred in denying FNBC’s request for a writ of mandamus and preliminary injunction when Alfortish failed to pay the entire purchase price within thirty days after the adjudication. At the time of this 2010 judicial sale, the Civil Code articles pertaining to sales by public auction provided:
La. R.S. 9:3167 — Judicial sales are subject to the rules laid down above for public sales in general, in all such things as are not contrary to the formalities expressly prescribed for such sales, and with the modifications contained hereafter.
La. R.S. 9:3157 — When the highest price offered has been cried long enough to make it probable that no higher will be offered, he who has made the offer is publicly declared to be the purchaser, and the thing sold is adjudicated to him.
La. R.S. 9:3158 — This adjudication is the completion of the sale; the purchaser becomes the owner of the article adjudged, and the contract is, from that time, subjected to the same rules which govern the ordinary contract of sale.
Further, the Code of Civil Procedure specifically addresses an adjudication at the time of a judicial sale under a writ of fieri facias and provides as follows:
| Jug. C.C.P. art. 2371 — The adjudication transfers to the purchaser all the rights and claims of the judgment debtor as completely as if the judgment debtor had sold the property.
La. C.C.P. art. 231p2 — Within fifteen days after the adjudication, the sheriff shall pass an act of sale to the purchaser, in the manner and form provided by law.
*357 The act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford proof of it.
Additionally, La. R.S. 13:4360 provides the following:
A. If the terms of the sale provide for the full payment of the adjudication price at the moment of the adjudication, or if the terms provide for a deposit, and the purchaser fails to make such full payment or deposit, the seizing creditor may direct the officer conducting the sale either to re-offer the property immediately, or re-advertise the property for sale as provided in Sub-section C of this Section. If the property is re-offered for sale immediately, the first purchaser is relieved of any liability.
B. If the purchaser makes the deposit required by the terms of the sale, and fails to pay the entire purchase price within thirty days after the adjudication, on demand of any interested party the officer conducting the sale shall re-advertise the property for sale as provided in Sub-section C of this Section.
C. When the property is re-advertised, it shall be in the manner required by law for the advertisement of the original sale, and the second sale is at the risk and for the account of the first purchaser. Should there be a loss because of the second sale, the first purchaser is liable for such loss; but should the property bring a higher price at the second sale, the first purchaser has no right to the increase.
The first purchaser may not bid at a second sale.
 When we . examine the actions of Alfortish regarding the sheriff’s sale adjudication under these provisions, especially in light of the fact that the Orleans Parish’s mortgage and conveyance records system crashed during this time period, |¿we find no merit in FNBC’s argument that the Sheriff was required to re-advertise the Property upon Alfortish’s failure to pay the entire purchase price within thirty days of the adjudication. The public records doctrine is founded upon our public policy and social purpose of assuring stability of land titles. Camel v. Waller, 526 So.2d 1086, 1089 (La.1988) citing Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 772, 105 So.2d 392, 414 (1958). The purpose of the public records law is intended to enforce the public’s fundamental, constitutional right to public records in the most expansive and unrestricted way possible. Alliance for Affordable Energy v. Frick, 96-1763 p. 4, (La.App. 4 Cir. 5/28/97), 695 So.2d 1126, 1135. Not only does the result sought by FNBC conflict with the purpose of the public records doctrine, but the seizing creditor, Union Corp, agreed to the short extension and Alfortish paid the full price prior to FNBC’s petition being filed. Under these unusual set of facts, we see no error in the trial court’s judgment denying FNBC’s writ of mandamus and temporary restraining order.
Because we find Sheriff Gusman was not required to re-advertise the Property under these peculiar facts, we pretermit any discussion as to whether FNBC was required to tender a deposit for re-advertisement. Further, because we find no merit in Alfortish’s motion to strike certain portions of FNBC’s reply brief, we hereby deny the motion.
AFFIRMED; MOTION TO STRIKE PORTIONS OF REPLY BRIEF DENIED
BELSOME, J., concurs with reasons.
MURRAY, J., dissents with reasons.