EDWIN A. LOMBARD, Judge.
_JjThe plaintiffs appeal the trial court’s judgment granting a motion for summary judgment in favor of the defendants. After de novo review, we affirm the judgment of the trial court.
Relevant Facts and Procedural History
In October 2003, the plaintiffs, Fritz Schroth, a contractor, and Nellie Clark, an artist, entered into a Commercial Lease Agreement with Martha Ann Samuel, the lessor, for a building located at 601 Elysian Fields Avenue in New Orleans, Louisiana to establish an art and framing business, as well as an occasional residence. It was the understanding of the parties that Mr. Schroth would renovate the interior to make it suitable for use as an art gallery and that Martha Ann Samuel would be responsible for maintenance such as the roof and painting of the exterior. In August 2005, the rental property was damaged in Hurricane Katrina, requiring repairs to the roof. Shortly after Hurricane Katrina, the lessor passed away, leaving her daughters, Cynthia Samuel and Stephanie Samuel, in control over the rental property at issue.
On September 18, 2006, the plaintiffs filed suit in the Civil District Court for the Parish of Orleans for damages arising out of the lease agreement, naming as 12defendants, estate of Martha Ann Samuel, her daughters, and her insurer, Lafayette Insurance Company. The plaintiffs contended that: (1) the damage sustained by Hurricane Katrina was more extensive due to the lessor’s failure to maintain the roof; (2) the failure to repair the property was a violation of the lease agreement and the defendants are liable for all resulting damage, including the loss of personal property stored in their storage unit in *1211 Chalmette, Louisiana, which flooded as a result of Hurricane Katrina; and (3) the defendants are liable for the damage and destruction of their property caused by the work crew that the defendants allegedly hired.
On February 22, 2011, the defendants moved for summary judgment asserting that the plaintiffs would not be able to sustain their burden of proof at trial to show that the defendants are liable for the damages allegedly sustained by the plaintiffs.
On March 24, 2011, the defendants’ motion for summary judgment was granted in part, leaving only the question as to whether the defendants’ failure to maintain the roof was the cause-in-fact of damages.
Subsequently, on April 5, 2011, the defendants filed a second motion for summary judgment as to the plaintiffs’ remaining claim, arguing that the plaintiffs did not present any evidence to show that the roof on the subject building was defective or in need of repair prior to Hurricane Katrina. On June 13, 2011, the trial court summary judgment in favor of the defendants. It is from this judgment; the plaintiffs timely filed this appeal.
^Applicable Law
Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. Art. 966(B). The initial burden of producing evidence at the hearing on the motion for summary judgment is on the mover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. Schultz v. Guoth, 10-0343, p. 4 (La.1/19/11), 57 So.3d 1002, 1006, citing Samaha v. Rau, 07-1726, p. 4 (La.2/26/08), 977 So.2d 880, 883. “At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates that he or she will be able to meet the burden at trial ... Once the motion for summary judgment has been supported by the moving party, the failure of the non-moving party to produce evidence of material factual dispute mandates the granting of the motion.” Id.; (citations omitted).
“A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.” Samaha v. Rau, 07-1726, pp. 3-4, 977 So.2d at 882-83.
Because the first summary judgment did not dismiss any of the parties, but only dismissed particular issues or causes of action under Louisiana Code of Civil Procedure article 966 E, it did not qualify for treatment as a final and appealable judgment under Louisiana Code of Civil Procedure articles 1911, 1915 A(l) and |4(3), and 2083. According to Louisiana Code of Civil Procedure article 1915(B)1, unless the first summary judgment was designated by the trial court as final and appealable, it shall not constitute a final judgment for the purpose of an immediate appeal. See La.Code Civ. Proc. art. 1915 B(2). See also Favrot v. Favrot, 10-0986, pp. 2-5 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1102-1105.
However, an appellant can timely seek review of an interlocutory ruling or *1212 judgment at the time of appealing a final judgment, which, in this case, is the second motion for summary judgment, as filed by the plaintiffs. See People of the Living God v. Chantilly Corp., 251 La. 943, 207 So.2d 752 (1968). See also Roger A. Setter, LOUISIANA CIVIL APPELLATE PROCEDURE, 3:22 (2010-2011 ed.) (“When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings adverse to him, in addition to the review of the final judgment.”)
Discussion
Because the plaintiffs assigned as error the granting of the first summary judgment, which was not designated as final by the trial court, the plaintiffs are entitled to our review of that interlocutory ruling upon the appeal of the granting of the second summary judgment.
After a thorough review of the record and the evidence before us, it is the opinion of this Court that the primary issue presented by the instant case is whether the defendants can be held liable to the plaintiffs under the terms of the lease agreement.
The Commercial Lease Agreement contains the following pertinent provisions:
|,,5) DELIVERY OF PREMISES: Lessee hereby accepts the premises in their existing condition and assumes responsibility for the condition of the leased premises. Any improvements or alterations desired by the Lessee shall be at Lessee’s cost, with Lessor’s prior, written approval, except as hereinafter provided: Lessor to have bathtub leaks repaired and central a.c./heat to be in working order; thereafter lessee to maintain. Routine maintenance of exterior has to be responsibility of lessee with lessor to do major maintenance such as roof and overall paint.
28) SUBROGATION: Neither the Lessor nor the Lessee shall be liable to the other for the loss arising out of damage to, or destruction of the leased premises, or the building or improvements of which the leased premises are a part thereof, when such loss is caused by any of the perils which are or could be included within or are insured against by a standard form of ñre insurance with extended coverage, including sprinkler leakage, if any. All such claims for any and all loss, however caused, hereby are waived. Said absence of liability shall exist whether or not the damage or destruction is caused by the negligence of either Lessor or Lessee, by any of their respective agents, servants or employees. It is the intention and agreement of the Lessor and the Lessee that the rental reserved by this lease have been fixed in contemplation that each party shall fully provide his own insurance protection at his own expense, and that each party shall look to his respective insurance carriers for reimbursement of any such loss; and further; that the insurance carriers involved shall not be entitled to subrogation under any circumstances against any party to this lease. Neither the Lessor nor the Lessee shall have any interest or claim in the other’s insurance policy or policies, or the proceeds thereof, unless specifically covered therein as joint assured. (Emphasis added)
The interpretation of a contract “is the determination of the common intent of the parties.” La. Civ.Code art. 2045. Louisiana Civil Code article 2046 further pro *1213 vides that, “when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” The determination of whether a contract is clear or ambiguous is a question of law. Louisiana Ins. Guar. Ass’n. v. Interstate Fire and Casualty Co., 630 So.2d 759, 764-65 (La.1994).
Based on the evidence, Hurricane Katrina was the sole cause of the plaintiffs’ damages. The language of the lease is clear and unambiguous, clearly stating that the lessor would not be held liable to the lessees for any losses arising [ fiout of damage to, or destruction of the rental property, however caused, when such loss is caused by any of the perils which could have been included within a standard form of fire insurance with extended coverage. Pursuant to Louisiana Revised Statute 1311, which governs fire insurance contracts, standard provisions, and variations, standard fire insurance contracts can be drafted to include additional coverages and perils. However, it is undisputed that neither plaintiff had any insurance. Accordingly, the defendants are not liable for such damages as claimed by the plaintiffs.
Additionally, we also find that, to the extent the defendants could be liable to the plaintiffs for the damages incurred at the hands of a work crew allegedly hired by the defendants, the plaintiffs have failed to provide evidence that identifies the vandals as the defendants’ work crew. Thus, they would not be able to meet their burden of proof at trial.
In their second motion for summary judgment, the defendants contend that the plaintiffs have not presented any evidence to show that the roof on the subject building was defective or in need of repair prior to Hurricane Katrina.
In response to the defendants’ motion for summary judgment, the plaintiffs file only a memorandum entitled, “Memorandum in Opposition to Motion to Compel.”
The plaintiffs’ memorandum, in pertinent part, states:
“This memorandum is submitted in opposition to the defendants’ motion for summary judgment.
The defendants have filed a motion for summary judgment based on the court’s prior rulings which all but eliminated plaintiffs’ claims.
The prior rulings, being erroneous, cannot support their summary judgment motion and should be denied.”
|7The defendants carried their burden of proof on its motion for summary judgment entitling it to a dismissal from this matter. Manning v. United Medical Corp. of New Orleans, 04-0035 (La.App. 4 Cir. 4/20/05), 902 So.2d 406. Upon the defendants’ pri-ma facie showing on their motion for summary judgment, the plaintiffs were required to establish that they would be able to satisfy their evidentiary burden of proof at trial. Schultz v. Guoth, 10-0343, 57 So.3d 1002. However, the plaintiffs have failed to introduce any evidence to show they will be able to meet their burden.
Conclusion
After de novo review, we find no genuine issue of material fact exists and the defendants are entitled to summary judgment. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED