| | | |
|---|---|---|
| **LAMAR CONTRACTORS, L.L.C.** | * | **NO. 2021-CA-0489** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **CITY OF NEW ORLEANS AND SMITH CONSTRUCTION CO.** | * | **FOURTH CIRCUIT** |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-12416, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay, III, Judge Daniel L. Dysart, Judge Paula A. Brown)

David C. Fleshman
BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place
23rd Floor
P.O. Box 3197
Baton Rouge, LA 70821-3197

Steven B. Loeb
BREAZEALE SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
P.O. Box 3197
Baton Rouge, LA 70821-3197

COUNSEL FOR PLAINTIFF/APPELLANT

Mark Daniel McNamara
TRIAL COUNSEL
Donesia D. Turner
SENIOR CHIEF DEPUTY CITY ATTORNEY
Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112


COUNSEL FOR DEFENDANT/APPELLEE




**AFFIRMED**
**DECEMBER 15, 2021**

In this Public Bid Law case, the plaintiff, Lamar Contractors, L.L.C., appeals the trial court's denial of its preliminary injunction and motion for summary judgment as well as the trail court's granting of summary judgment in favor of the defendant, the City of New Orleans.  For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On September 4, 2019, the City of New Orleans issued an invitation to bid on the EMD Central Maintenance Facility public construction project.  Submissions were due on October 4, 2019.  Pursuant to the bid specifications, the two apparent lowest bidders were required to submit to the City's Purchasing Bureau certain documents, including DBE[1] Compliance Form-1 (DBE Responsiveness) and DBE Compliance Form-2 (Documentation of Good Faith Efforts).

The bid specifications also set forth a disadvantaged business enterprise contract goal of 35%.  The Bid Documents included "DBE Program Information,"

---

[1] Disadvantaged Business Enterprise.

1

with the headings: DBE Program Compliance; DBE Contractor Goal; DBE Directory; Good Faith Effort Policy; Required DBE Forms for Bids/RFPs/RFQs; Contractor Cooperation; Post-Award Modification; Monitoring DBE Participation; and Failure to Comply. Pursuant to the documents, "[i]f a Bidder/Proposer fails to submit documented Good Faith Efforts as outlined, the bid shall be considered non-responsive." Further, the documents stated that "[t]he OSD[2] may take into account the performance of other Bidders/Proposers in meeting the contract DBE participation goal and may, if deemed advisable, request further information, explanation or justification from any Bidder/Proposer."

Lamar, the lowest responsive bidder, submitted post-bid documentation including DBE Compliance Form-1 and Form-2. Form-2 was required because Lamar failed to meet the project's 35% DBE goal. Form-2 required Lamar to demonstrate the good-faith efforts it took towards trying to achieve the DBE participation goal.

Lamar's initial post-bid documentation indicated that it only solicited 10 DBEs to perform work on the project. Due to Lamar's post-bid submission's deficiency, the OSD reached out to Lamar to confirm the number of DBEs contacted. Lamar informed the OSD that it had contacted more than 10 DBEs. The OSD requested that Lamar resubmit the section of the post-bid documents where all contacted DBEs are to be listed as well as any supporting documentation, thereby giving Lamar an additional opportunity to demonstrate responsibility.

_____
[2] Office of Supplier Diversity.

Lamar submitted a second, updated DBE form that included a total of 25 DBEs as well as supporting documentation. After review of the second submission, the OSD still determined that Lamar's good faith efforts were insufficient. In concluding its review, the OSD determined that Lamar "did not demonstrate the minimum good faith efforts required to reach the [DBE] goal and therefore is not responsible to the bid requirements" as set forth in the bid solicitation. Lamar was informed of this decision on November 13, 2019.

An informal hearing on Lamar's responsibility was held pursuant to La. R.S. 38:2212(X), wherein Lamar put forth evidence of its efforts to solicit DBE firms. Following the hearing, the hearing officer issued a ruling finding that "the City was successful in proving that Lamar is not a responsible bidder for failing to demonstrate good faith efforts as required for DBE compliance.

On December 2, 2019, Lamar filed the instant litigation. The trial court denied Lamar's petition for preliminary injunction on March 4, 2020. On March 12, 2021, a hearing concerning Lamar's and the City's competing motions for summary judgment took place before the trial court. On May 12, 2021, the trial court denied Lamar's motion for summary judgment, granted the City's motion for summary judgment, and dismissed Lamar's claims with prejudice. Lamar now appeals.

**DISCUSSION**

On appeal, Lamar raises the following assignments of error: (1) the district court erred when it granted the motion for summary judgment filed by the City and

3

denied the preliminary injunction and the motion for summary judgment filed by Lamar; (2) the district court erred by failing to address the uncontested fact that the evidence presented by Lamar at the administrative hearing was not considered part of the ruling; (3) the district court erred by granting the City's summary judgment which effectively deprived Lamar of its property right to the public contract, without due process of law, given the undisputed fact that Lamar was the lowest responsive bidder; and (4) the district court erred by failing to award injunctive relief and/or damages, and by granting the City's summary judgment which effectively deprived Lamar of its property right to the public contract, without due process of law.

In an appeal of the granting or denial of a preliminary injunction, the reviewing court must look at "whether the trial court committed an error of law or made a factual finding which is manifestly erroneous or clearly wrong." *Hamp's Const., L.L.C. v. Housing Authority of New Orleans*, 2010-0816, p. 3 (La.App. 4 Cir. 12/1/10), 52 So.3d 970, 973 (quoting *Saunders v. Stafford*, 2005-0205, p. 5 (La.App. 4 Cir. 1/11/06), 923 So.2d 751, 754). The same standard of review is also applied to the factual findings of an administrative hearing officer. *Alexander v. Pellerin Marble & Granite*, 630 So.2d 706, 710 (La. 1/14/94).

Appellate courts review summary judgments *de novo*, "using the same criterial applied by the trial court to determine the appropriateness of summary judgment, i.e., whether there is any genuine issue of material fact and whether the moving party is entitled to summary judgment as a matter of law." *Madison v.*

4

*Inter-Cont'l Hotels Corp.*, 2014-0717 (La.App. 4 Cir. 8/26//15), 173 So.3d 1246, 1250 citing *Schroth v. Estate of Samuel*, 2011-1385, p. 3 (La.App. 4 Cir. 4/18/12), 90 So.3d 1209, 1211; *Schultz v. Guoth*, 2010-0343, pp. 5-6 (La. 1/19/11), 57 So.3d 1002, 1005-06.

The Louisiana Public Bid Law ("LPBL") permits a public body to disqualify a bidder if it is found to be either "nonresponsive" or "non-responsible." La. R.S. 38:2212. "Responsiveness" and "responsibility" are distinct legal concepts with distinct consequences.

The initial determination of whether a bidder is responsive is purely ministerial. The public entity must ensure that the bidder has met each and every post-bid requirement and has no ability to waive discrepancies. La. R.S. 38:2212(B)(1); *see also Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Auth.,* 2004-0211 (La. 3/18/04), 867 So.d 651, 647-58. An apparent low bidder is non-responsive when it "does not submit the proper information or documentation as required by the bidding documents" within ten (10) days after the bid is opened. La. R.S. 38:2212(B)(3)(a)**.** In such case, the public entity may award the contract to the next apparent low bidder that is responsive. *Id.* A non-responsive bidder has no right to an administrative hearing under the LPBL. *Triad Res. & Sys. Holdings, Inc. v. Parish of Lafourche*, 77 So.2d 86, 90 (La.App. 1 Cir. 1990).

The second step – to determine is a bidder is "responsible" – is discretionary. Here, the public entity may consider the bidder's "financial ability,

skill, integrity, business judgment, experience, reputation, quality of previous work on contracts, and other similar factors bearing on the bidder's ability to successfully perform the contract." *Broadmoor*, 867 So.2d at 656; *A.M.E. Disaster Recovery Services, Inc. v. City of New Orleans*, 2010-1755 (La.App. 4 Cir. 8/24/11), 72 So.3d 454, 456. If the public entity find that a bidder is non-responsible, the entity must provide the bidder with written notice of the reason(s) for its finding**.** La. R.S. 38:2212(X)(1)(a). The bidder must also be provided an opportunity to refute the reasons for the proposed action." La. R.S. 38:2212(X)(1)(b).

In the instant case, Lamar's arguments in its assignments of error one through three are all essentially variations of the same argument. Lamar does not dispute that its efforts prior to the hearing were insufficient to demonstrate its good faith efforts to meet the City's DBE goals. Rather, Lamar attempts to argue that it was somehow denied due process and not afforded an opportunity to have a hearing pursuant to La. R.S. 38:2212(X).

On November 15, 2019, Lamar was afforded an opportunity to have an informal hearing to rebut the finding of the OSD that Lamar was not responsible. Both the OSD and Lamar were present at the hearing and given the opportunity to present oral argument, evidence, witness testimony, and to cross-examine witnesses. However, nothing presented at the hearing refuted the fact that Lamar's bid was not responsible because it failed to provide sufficient evidence of good faith efforts prior to or on November 13, 2019, the date of the OSD's decision.

The purpose of the administrative "responsibility" hearing is to afford the rejected bidder "the opportunity to refute the reasons for the proposed action." La. R.S. 33:2212(X)(1)(b). Lamar was given this opportunity and the hearing officer concluded that the City was correct in its determination that Lamar was not responsible and that Lamar had not successfully refuted the City's reason for rejection. As such, Lamar's due process rights under the LPBL were satisfied.

It is well established that the City is vested with the power and "wide discretion" to determine the responsibility of a bidder in awarding a public bid. *See Broadmoor*, 867 So.2d 651 at 656; *A.M.E. Disaster Recovery Services*, 72 So.3d at 456; *J.W. Rombach v. Parish of Jefferson,* 95-829 (La.App. 5 Cir. 2/14/96), 670 So.2d 1305, 1310. Accordingly, when reviewing such a determination, the court should not substitute its judgment for the good faith judgment of the City. *A.M.E. Disaster Recovery Services,* 72 So.3d at 456; J.W. Rombach, 670 So.2d at 1311. Rather, the duty of the court is to determine whether the City acted in a fair and legal manner and not arbitrarily in disqualifying a bidder as non-responsible. *Id.* There is no evidence in the record to support the position that the City's decision to reject Lamar as a non-responsible bidder was arbitrary, unfair or contrary to law. Accordingly, the denial of Lamar's preliminary injunction and motion for summary judgment as well as the granting of the City's motion for summary judgment are all proper.

Considering our approval the aforementioned denial of Lamar's preliminary injunction and summary judgment, any award of damages or attorney's fees to Lamar is precluded.

**CONCLUISION**

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED**