ROLAND L. BELSOME, Judge.
 

 _JjThis appeal arises from the plaintiff/appellant, Louisiana Service and Contracting Company, Inc.’s (LSCC) challenge of the awarding of a contract for the removal and disposal of asbestos materials in St. Bernard Parish to intervenor/appellee, Cross Environmental Services, Inc. (Cross). Subsequent to the contract being awarded to Cross, LSCC filed suit for injunctive relief, writ of mandamus and declaratory judgment against St. Bernard Parish Government, Department of Public Works and Chris Merkl as acting director of the St. Bernard Parish Department of Public Works.
 

 St. Bernard Parish agreed not to authorize Cross to proceed under the contract until the trial court conducted a hearing and ruled on the merits of the case. The trial court conducted a hearing on October 19, 2007, allowing all parties to present testimony and documentary evidence.
 
 [1]
 
 After the hearing the trial court set a November 9, 2007 deadline for submitting additional evidence or briefs. On November 28, 2007, the trial court rendered judgment denying LSCC’s request
 
 *559
 
 for | ¿preliminary and permanent injunction, writ of mandamus and declaratory judgment. This appeal followed.
 

 On appeal LSCC contends that the trial court erred: 1) in finding that the asbestos remediation contract was a contract for “services,” not subject to Louisiana’s Public Bid Law; 2) in finding that, even if the public bid law applied, Cross’ bid was timely delivered; 3) by allowing the department of Public Works to disregard its own announced competitive bid procedures; 4) in denying LSCC’s request for permanent injunctive relief without a full trial on the merits; and 5) by denying LSCC’s request to amend to seek damages.
 

 Hurricanes Katrina and Rita caused the vast majority of residences and commercial structures in St. Bernard Parish to be severely damaged. Thus, St. Bernard Parish Government (SBPG) was compelled to enter into debris removal contracts. When SBPG began awarding these contracts it requested an opinion from Louisiana’s Attorney General as to whether it was required to utilize the Louisiana Public Bid law
 
 [2]
 
 (Bid Law) in the awarding of the contracts to conduct hurricane debris management and removal in St. Bernard Parish.
 

 On March 1, 2007, the Attorney General responded with opinion number 07-0061 stating:
 

 The Louisiana Public Bid Law,
 
 LSA-R.S. 38:2211-2296,
 
 regulates contracts by local public entities when the contracts relate to the construction of public works or the acquisition of materials and supplies. However, contracts for services, professional or otherwise, are not subject to the requirements of that statute. (footnotes omitted).
 

 |sLa. Atty. Gen. Op. No. 07-0061, 20087 WL 1100701 (La.A.G.).
 

 In July, 2007, St. Bernard Parish’s Department of Public Works (Department of Public Works) and its Purchasing Agent, Kathy Bayham, published an “Advertisement for Bids” (Advertisement) for the purpose of asbestos debris abatement and removal. The Advertisement called for the seal bids to be received by 2:00 p.m. on Tuesday, August 14, 2007 at the Office of the Department of Public Works. The Advertisement also stated that “St. Bernard Parish reserves the right to reject any and all bids, waive informalities, and to make awards as the Parish might elect.”
 

 Cross had its bid package delivered by Federal Express. The recipient’s address on Cross’ bid package read:
 

 Dept, of Public Works
 

 St. Bernard Parish Government
 

 8201 West Judge Perez Drive
 

 Chalmette, LA 70043
 

 Even though Cross’ bid package was properly addressed and appropriately identified as a sealed bid for project 07-834, it was delivered to the Purchasing Office located in a trailer outside of the St. Bernard Government Complex at 11:46 a.m. on Tuesday, August 14, 2007. An employee of the Purchasing Office delivered Cross’ sealed bid package to the Department of Public Works, located on the second floor of the Government Complex, shortly after 2:00 p.m. Of the bids received that day, Cross’ was the lowest. Thus, the Department of Public Works awarded the contract to Cross.
 

 LSCC refutes the trial court’s determination that the asbestos remediation contract was a contract for services and thus, not subject to the formalities of the 14Bid Law. The Bid Law governs the procurement of contracts by local governments when the contracts are for public
 
 *560
 
 works or the acquisition of supplies.
 
 [3]
 
 According to LSCC, this contract was clearly for public works and therefore is subject to the formalities of the Bid Law.
 

 The term “public work” is defined in La. R.S. 38:2211 as:
 

 “Public work” means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used or leased by a public entity.
 

 La. R.S. 38:2211(A)(12).
 

 As stated in the record, the asbestos remediation was for the removal and disposal of asbestos from immovable property allocated for demolition as well as the extracting and disposing of asbestos from immovable property that had already been demolished. The record is void of any evidence to establish that the immovable properties affected by this contract were “owned, used or leased by a public entity.” Consequently, LSCC cannot prevail on its “public works” argument. Because we find that the record before this Court fails to establish an essential requirement for the contract to be considered a public work, we affirm the trial court’s determination that the contract at issue on appeal was a contract for services and thus not subject to the Bid Law.
 

 Considering this Court’s finding that the subject contract was not governed by the formalities of the Bid Law, St. Bernard’s bid procedure and reservation of rights contained within the Advertisement were permissible and we do not find that the Department of Public Works improperly disregarded any procedure established |flfor the bid process of this contract. As a result, a discussion regarding the timeliness of Cross’ sealed bid is unnecessary.
 

 Next, LSCC avers that it was procedurally incorrect for the trial court to deny its request for a permanent injunction and other relief without a full trial on the merits. In
 
 Whitney National Bank of New Orleans v. Poydras Center Assoc. and HCB,
 
 468 So.2d 1246 (La.App. 4 Cir. 1985), this Court addressed that issue stating:
 

 Although the jurisprudence is clear that a preliminary injunction hearing cannot be converted to a permanent injunction hearing absent a stipulation of the parties to the contrary,
 
 Springlake Homeowners Association, Inc. v. Pecot,
 
 321 So.2d 789 (La.App. 4th Cir.1975), it is equally well established that where a judgment denying a preliminary injunction after a hearing on the rule also passes on the merits of the case and effectively disposes of all issues presented by the pleadings, such judgment is a final judgment.
 
 Southwest Sales and Mfg. Co. v. Delta Express, Inc.,
 
 342 So.2d 281 (La.App. 3rd Cir.1977), and the cases cited therein. See also, La.C.C. Pro. Art. 1841 and
 
 State ex rel. Guste v. City of New Orleans,
 
 363 So.2d 678 (La.1978).
 

 Id.
 
 at 1249.
 

 In the instant case, the trial court went to great lengths to provide the parties with adequate time to submit evidence and brief the issues. Notably, a post-hearing motion filed by LSCC represented to the court that “[tjhere were no factual disputes in this case and the legal issues were vigorously contested in LSCC’s pre-hearing and post-hearing memorandums and at the hearing on LSCC’s request for a preliminary injunction.” Furthermore, neither party objected to the proceedings prior to this appeal. Consequently, we find this argument to be without merit.
 

 
 *561
 
 | ^Lastly, LSCC maintains that the trial court erred by denying its request for leave of court to supplement and amend its petition to seek damages. This devolutive appeal was taken from the judgment rendered on November 28, 2007, denying LSCC’s request for preliminary and permanent injunction, declaratory judgment, and writ of mandamus. LSCC filed a post-judgment motion to supplement and amend its petition on December 11, 2007. The trial court denied the motion on December 19, 2007. The denial of the motion to supplement is outside the scope of the judgment being appealed and therefore, improperly before this Court.
 

 In conclusion, we uphold the trial court’s determination that the St. Bernard Parish Department of Public Works’ contract, made subject of this appeal, was a contract for services properly awarded to Cross Environmental Services, Inc.
 

 AFFIRMED.
 

 [1]
 

 . Although neither party introduced live witnesses, the opportunity to do so was afforded by the trial court.
 

 [2]
 

 . La. R.S. 38:2211 et seq.
 

 [3]
 

 . La. R.S. 38:2211 et seq.