TERRI F. LOVE, Judge.
| iThis appeal arises from a boundary-dispute between neighbors and the trial court’s granting of preliminary injunction in favor of Dr. and Mrs. Harris Hyman III (collectively “the Hymans”) and against Mr. and Mrs. Christopher Puckett (collectively “the Pucketts”); The trial court judgment rendered ownership rights of the disputed property to the Hymans, ordered the Pucketts to remove a portion of their fence, and enjoined the Pucketts from interfering with the Hymans’ construction of a fence on the disputed property. The Pucketts contend that the trial court erred as a matter of law in that it improperly granted the Hymans mandatory and prohibitory injunctive relief, cumulated actions for preliminary and permanent injunction, and adjudicated ownership- of the disputed property.[2]
The trial court did not conduct' a full trial on the merits wherein all parties were afforded an opportunity to present evidence and cross-examine witnesses. As a result, the judgment which contained mat datory orders was in error .as the Requirements for a permanent injunction were not met. Therefore, we find the trial |2court erred as a matter of law by ruling upon a permanent injunction at the summary proceeding on the preliminary injunction. Accordingly, we vacate the trial court judgment and remand the matter for further proceedings in line with this opinion.

PROCEDURAL AND FACTUAL BACKGROUND

The parties in the case sub judice are neighbors who own adjacent residential properties. ■ The Hymans own' immovable property at 1300 Nashville Avenue in Orleans Parish, and the Pucketts own the immovable property at 1308 Nashville Avenue. At issue is a strip of land that runs along the original boundary line between the two properties and the back of the Hyman’s pool house, measuring approximately 20 feet by 12 inches, (hereinafter referred to as the “Disputed Strip”).
The Hymans have resided at 1300 Nashville Avenue since purchasing the property in the 1960s. In the 1970s, the Hymans converted an old garage into á pool house, the rear of which runs parallel to and set back from the property line that separates 1300 Nashville and 1308 Nashville. In 2012, the Pucketts purchased 1308 Nashville and sought a zoning variance in order' to construct an addition to their home. The Hymans opposed the variance and the City of New Orleans denied the Pucketts’ request.
In planning their home addition, the Pucketts discovered in a survey prepared in May 2013 that the Hymans’ wood fence was built slightly askew of the property line, encroaching on the Pucketts’ property. The Pucketts allege that at all | atimes prior to June 2014, the Hymans’ wood fence ended in the Dispúted Property and *1187 abutted the Hymans’ pool house, closing off the rear of the Hymans’ yard from the neighboring property. The parties agreed to have the Hymans’ fence removed and rebuilt to correct the encroachment. In addition to correcting the encroachment, the Hymans instructed their fence contractor to build a chain link fence at the alleged property line behind their pool house which would completely enclose the Hy-mans’ property.
The Pucketts learned about the Hy-mans’ intent to erect a chain link fence during its construction. The Pucketts objected, and the Hymans halted further construction. Thereafter, on December 8, 2014, the Hymans 'filed a petition for preliminary and permanent injunctions, seeking to build a chain link fence on the Disputed Strip. The Hymans requested:
1. Subject to Petitioners furnishing security or-a bond herein in the amount -of $500.00, that a preliminary injunction issue herein:
a. prohibiting Defendants and their agents, employees, contractors, and anyone else acting or purporting to act of [sic] behalf of Defendants from interfering with the construction of a fence on Petitioners’ Property and from removing or destroying any fence, component parts thereof, or fence materials of any kind from Petitioners’ Property;
b. - requiring Defendants to immediately remove from Petitioners’ Property all encroachments on Petitioners Property that were created by the construction of a fence by Defendants and/or their agents, employees, contractors; and
c. prohibiting Defendants and their agents, employees, contractors, and anyone else acting or purports ing to act on behalf of Defendants from constructing a fence that encroaches on any portion of Defendants’ Property and from otherwise encroaching on Defendants’ Property in any manner; and
2. Thát said preliminary injunction become a permanent injunction after proceedings, herein.
14An order, from ■ the trial court dated December 8,2014, stated that the Hymans’ request for preliminary injunction “shall be decided solely upon verified pleadings and affidavits, as well as memoranda, filed herein.” It further ordered the Hymans’ to “file any.supporting affidavits and memorandum no later than three days prior to [December 19, 2014], and that defendants shall file any opposing affidavits, and memorandum no later than one day prior to [December 19,2014].” Both parties timely filed their supporting affidavits and memo-randa. Subsequently, the parties jointly filed a motion to continue the hearing. The motion to continue stated: “Live testimony will not be offered at the hearing. This matter is not ’ set for trial.” The motion to continue was granted.
A hearing was held-before the trial co.urt on April 10, 2015. The trial court gave oral reasons for granting the Hymans’ request for relief, stating:
Okay. Well, you know my grandmother used to say, “it takes á little heat to cook anything,” so I need to apply a little heat to' this. I’m granting the injunction. I’m going to do like T did in Lake Terrace, tell them to tear it down. And hopefully they come to the table and work something out. That’s the best I can do.
The. trial court issued its notice of signing of the judgment on June 22, 2015, which declared the Hymans the owners of the Disputed Strip and ordered the Pucketts to:
*1188 ... immediately remove the portion of their rear fence that extends beyond the boundary line between the Puckett and Hyman properties and into the Hymans’ property, as well as the “dog leg” portion of that fence that runs parallel to the boundary line within the Hyman property and connects to the Hymans’ pool house. If the Pucketts fail to remove the encroaching portion of the fence, the Hymans may do so, at the Pucketts’ expense.
Additionally, the Pucketts were:
... enjoined, restrained, and prohibited from interfering with the Hymans’ construction of a fence behind their pool house along the boundary line between the Hyman and Puckett properties.
IfiThe trial court further ordered the Hy-mans to post security in the amount of $5,000.00. Thereafter, the Pucketts timely filed this appeal.

STANDARD OF REVIEW

In Rand v. City of New Orleans, 12-0348, p. 3-4 (La.App. 4 Cir. 12/13/12), 125 So.3d 476, 479, we stated:
The standard of review for a preliminary injunction is whether the trial court abused its discretion in ruling.” Kern v. Kern, 11-0915, p. 6 (La.App. 4 Cir. 2/29/12), 85 So.3d 778, 781. See also A.M.E. Disaster Recovery Services, Inc. v. City of New Orleans, 10-1755, p. 4 (La.App. 4 Cir. 8/24/11), 72 So.3d 454, 456; Choice Prof'l Overnight Copy Serv., Inc. v. Galeas, 11-0034, p. 5 (La.App. 4 Cir. 5/25/11), 66 So.3d 1216, 1219; A to Z Paper Co., Inc. v. Carlo Ditta, Inc., 98-1417, p. 9 (La.App. 4 Cir. 9/9/98), 720 So.2d 703, 708; Oestreicher v. Hackett, 94-2573, p. 3 (La.App. 4 Cir. 5/16/95), 660 So.2d 29, 31; Hall v. Fertility Inst. of New Orleans, 94-1135, p. 5 (La.App. 4 Cir. 12/15/94), 647 So.2d 1348, 1351. “That broad standard is, of course, based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion.” Yokum v. Pat O’Brien’s Bar, Inc., 12-0217, p. 7 (La.App. 4 Cir. 8/15/12), 99 So.3d 74, 80.
Where errors of law are involved, the appropriate standard of review is de novo. Balseiro v. Castaneda-Zuniga, 04-2038, p. 6 (La.App. 4 Cir. 8/17/05), 916 So.2d 1149, 1153. In its review of a preliminary injunction, the appellate court will consider whether the “trial court committed an error of law or made a factual finding which is manifestly erroneous or clearly wrong.” Saunders v. Stafford, 05-0205, p. 5 (La.App. 4 Cir. 1/11/06), 923 So.2d 751, 754; See also Easterling v. Estate of Miller, 14-1354, p. 6 (La.App. 4 Cir. 12/23/15), 184 So.3d 222, 226.
In their first three assignments of error, the Pucketts assert the trial court committed legal error. They claim: (1) the trial court erred as a matter of law by declaring the Hymans owners of the Disputed Strip because the Hymans never | ¿requested declaratory relief; (2) the trial court improperly granted mandatory injunctive relief absent a full evidentiary hearing; and (3) the trial court improperly cumulated the Hymans’ requests for preliminary and permanent injunction which do not employ the same form of procedure. The Pucketts also aver that the trial court abused its discretion in issuing the preliminary injunction because it fails to preserve the status quo pending trial on the merits and because the preliminary injunction requires the Pucketts to permit the Hymans to trespass on the Pucketts’ property.

PROCEDURAL REQUIREMENTS

The primary issue on appeal is whether the trial court properly issued preliminary injunctive relief as a matter of law. The judgment in this case contains both *1189 prohibitory and mandatory orders. Therefore, we review the Pucketts’ second assignment of error first and. begin by addressing the distinction between prohibitory and mandatory injunctions as well as the procedural requirements of both.
“A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits.” Desire Narcotics. Rehab. Ctr., Inc. v. State, Dep’t of Health & Hosps., 07-0390, p. 4 (La.App. 4 Cir. 10/17/07), 970 So.2d 17, 20 (citing C. NAPCO, INC. v. The City of New Orleans, 06-0603, p. 7 (La.App. 4 Cir. 3/7/07), 955 So.2d 155, 160) (emphasis added). A preliminary injunction may not be issued unless “notice is given to the adverse party and an opportunity had for a hearing.” La. C.C.P. art. 3602. To prevail on a hearing for a preliminary injunction, the petitioner must show by prima facie evidence that: (1) he will, suffer irreparable injury, loss or damage if the injunction is not issued; (2) that he is entitled to the 17relief sought; and (3) that he is likely to prevail on the merits of the case. Burnham Broadcasting Co. v. Williams, 629 So.2d 1335, 1338 (La.App. 4th Cir.1993); La. C.C.P. art. 3601. The standard of proof required for proving these elements differs “depending on whether the preliminary injunction sought is a prohibitory injunction or a mandatory injunction.” Denta-Max v. Maxicare Louisiana, Inc., 95-2128, p. 3 (La.App. 4 Cir. 3/14/96), 671 So.2d 995, 997.
A mandatory injunction is one that requires a party to perform a specific action. Id., 95-2128, p. 2, 671 So.2d at 996. “[T]he jurisprudence has established that a mandatory preliminary injunction [... ] has the same basic effect as a permanent injunction, and therefore may not be issued on merely a prima facie showing that the party seeking the injunction can prove the necessary elements.... ” Id., 95-2128, p. 3, 671 So.2d at 997 (internal citations omitted) (emphasis added). In Denta-Max, this Court held that a mandatory preliminary injunction is “proper only if it had been issued ‘after a full evidentiary hearing where the standard of proof is by a preponderance of the evidence.’ ” Id., 95-2128, p. 4, 671 So.2d at 997 (quoting Bollinger Machine Shop & Shipyard, Inc. v. U.S. Marine, Inc., 595 So.2d 756, 759 (La.App. 4th Cir.1992)); See also Dore v. Jefferson Guaranty Bank, 543 So.2d 560, 562 (La.App. 4th Cir.1989) (finding the requirements for a permanent injunction were met as the trial court “conducted an evidentiary hearing at which all parties were present, represented by counsel and were afforded the opportunity to present evidence and cross examine witnesses”).
The trial court’s issuance of a preliminary injunction was improper as a matter of law. The. trial court judgment con-, tains both prohibitory orders (i.e. enjoining the Pucketts from interfering with the Hy-mans’ construction of a fence on the Disputed Strip) and mandatory orders (i,e. requiring the Pucketts to remove lathe “dog-leg” portion of their fence). Given mandatory injunctions and prohibitory injunctions have different procedural rules and evidentiary burdens, as a matter of law it is not possible to issue a mandatory preliminary injunction.
Despite the Hymans’ assertion otherwise, the record indicates this case was heard on the preliminary injunction only. The trial and evidentiary procedures employed in this matter are only permitted in preliminary injunction proceedings. The parties agreed that the trial court would rule on the preliminary injunction solely upon the verified pleadings, affidavits, and memoranda filed. There is no stipulation in the record between the. parties that the *1190 preliminary injunction hearing would also be considered a hearing on the permanent injunction, We note the trial court did not expressly prohibit the 'parties from presenting live testimony at the hearing. However, the trial court did not. indicate to either party that it was the intention of the court to consider the preliminary and permanent injunction in the same proceeding.
The hearing transcript-also reflects that the Pucketts contemplated further, proceedings. Counsel for the Pucketts consistently argued at the summary proceeding that- issues regarding ownership of the Disputed Strip “go to the merits,” which is more appropriately dealt with at an ordinary proceeding. Counsel for the Hymans did not object to defense counsel’s assertions or attempt .to argue at the hearing that the parties agreed to a consolidated hearing.
Nevertheless, a comparative review of the Hymans’ petition and the trial court’s order proves that all material issues raised by the Hymans in its petition were adjudicated without a full evidentiary hearing. The trial court was required to vet the underlying facts of the principal dispute, mainly the issue of the Disputed Strip’s ownership, at a full trial on the merits. Because the trial court failed to do |9so, it failed to implement the correct trial procedures at the April 2015 hearing' before issuing a mandatory preliminary injunction. The record demonstrates that the trial court did not treat the matter as a preliminary injunction proceeding, but granted permanent injunctive relief, which can only be properly granted after an ordinary proceeding. Therefore, we find the trial court committed legal error in granting permanent injunction absent, a full evi-dentiary hearing,
Moreover, the Pucketts claim legal error based on the trial court improperly cumulating the Hymans’ actions for preliminary and permanent injuñction pursuant to La. C.C.P. - arts. 462(2) and 463, comment (a). As discussed above, a preliminary injunction is merely provisional and is tried as a summary proceeding. By contrast, a permanent injunction must be tried as an ordinary proceeding. Additionally, the trial court judgment also purports to grant declaratory, relief which is tried like other ordinary proceedings. See La. C.C.P. arts. 851 and 1879. Therefore, we also find that pursuant to' La. C.C.P. arts, 462(2) and 463, comment (a), the trial court erred as a matter of law by cumulating actions for preliminary and permanent in-junctive relief. ■ ■ ■

DECLARATORY RELIEF

Furthermore, the Pucketts allege that the trial court committed legal error when it adjudicated ownership of the Disputed Strip in the Hymans’ favor because the issue was never raised by either party. Pursuant to La. C.C.P. art. 862, the trial court “shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.” However, Louisiana jurisprudence has held that “[njothing in Article 862 of the Code of Civil Procedure is intended to confer jurisdiction on a court to decide controversies 110which the parties haye not regularly brought before it.” Patrick v. Patrick, 227 So.2d 162, 164 (La. App. 2nd Cir.1969); Cannatella v. City of New Orleans, 612 So.2d 923, 924 (La.App, 4th Cir,1993); Glover v. Med. Ctr. of Baton Rouge, 97-1710 (La.App. 1 Cir. 6/29/98), 713 So.2d 1261, 1262 (holding the trial court erred as a matter of law in adjudicating a claim for relief that was not demanded by the parties).
The petition filed by the Hymans does not seek a declaratory judgment or request adjudication of the ownership of the *1191 Disputed Strip. The Hymans sought an injunction. Additionally, there is no evidence in the record that either party sought to amend the pleadings to request declaratory relief or adjudication of the Disputed Strip’s ownership. However, the Hymans argue that ownership of the Disputed Strip “was necessarily at issue ... given the relief [they] requested.” The Hymans claim that the trial court could not rule upon their demand for removal of the Pucketts’ encroaching fence, nor could it rule upon their right to construct a fence to enclose the Disputed Strip without determining- ownership. Likewise, ■ the Hy-mans’ claim the Pucketts put ownership- of the Disputed Strip at issue when they alleged in opposition to the petition that they acquired ownership of the, property through acquisitive prescription.
It is well-recognized that preliminary injunctions - are an' interlocutory ruling “designed to preserve the status quo as it exists between the parties, pending trial on the merits.” Desire Narcotics Rehab. Ctr., Inc., 07-0390, p. 4, 970 So.2d at 20 (citing C. NAPCO, INC., 06-0603, p. 7, 955 So.2d at 160). For this reason, a preliminary injunction is “merely provisional.” Elysian Fields v. Dillon, 058-0989, p. 7, (La.App. 4 Cir. 3/18/09), 7 So.3d 1227, 1231. “The principal demand, as opposed to the injunction, is determined on its merits only after a full trial under ordinary process, even though the hearing | rion the summary proceedings to obtain the injunction may touch upon or decide issues regarding the merits. Bank One, Nat. Ass’n v. Velten, 04-2001, p. 5 (La. App. 4 Cir. 8/17/05), 917 So.2d 454, 458 (citing Smith v. West Virginia Oil & Gas Co., 373 So.2d 488, 494 (La.1979)) (emphasis added).
The Hymans were free to seek injunctive relief although their principal demand sounds as a matter of declaratory relief. Like mandatory injunctions,' declaratory actions are also tried as ordinary proceedings/ La. C.C.P. art. 1879. “The purpose of a declaratory-judgment is to provide a method whereby parties may request a trial judge -to ‘declare rights, status, and other legal relations whether or not further relief is or could be claimed.’” Schwegmann Family Trust No. 2 v. White III, LLC, 11-0611, p. 12 (La.App. 4 Cir. 9/30/11), 76 So.3d 1228, 1235 (quoting La. C.C.P. art. 1871).
Despite the Hymans’ failure to request adjudication of the ownership issue, the record demonstrates that a determination of ownership is necessary for proper consideration of the Hymans’ request for permanent injunction. A preliminary injunction is a summary proceeding intended to preserve the status quo until the principal demand is tried as an ordinary proceeding. Even if the Hymans’ petition requested declaratory judgment, which it did not, ownership of the Disputed Strip must be tried as an ordinary -proceeding as it is part of their principal demand. Therefore, the trial court’s election to adjudicate ownership of the Disputed Strip as part of the summary proceeding resulted in legal error.

DECREE

Jurisprudence is clear that a preliminary injunction hearing may, not be converted to a permanent injunction hearing absent a stipulation by the parties.' Finding there was no stipulation made by^ the’parties, the trial court was required to |iatry as an ordinary proceeding the permanent injunction prior to issuance of any mandatory orders. Therefore, we find the trial court erred as a matter of law when- it improperly issued a mandatory preliminary'injunction. 'Accordingly, -we vacate the trial court judgment and remand the matter to the trial court for a full trial on the merits *1192 where facts regarding ownership of the Disputed Strip may be presented.
VACATED AND REMANDED

. The Pucketts also raise assignments of error regarding the trial court’s abuse of discretion. Finding the legal errors in this case require us to vacate thé trial court judgment and remand the matter for further proceedings, we preter-mit discussion of these assignments of error.