Judge Daniel L. Dysart
Jorge Rodriguez-Franco and Lillian Benitez appeal the issuance of a permanent injunction against them and in favor of Nola Bourbon, LLC. For the reasons that follow, we reverse and remand this matter for further proceedings.
BACKGROUND:
Nola Bourbon, LLC, (hereinafter "Nola Bourbon" or "plaintiff") is the owner of the property located at 933 Bourbon Street in New Orleans, having purchased the property on September 27, 2011. Jorge Rodriguez-Franco and Lillian Benitez (hereinafter referred to collectively as "Benitez" or "defendants") are the owners of 927-931 Bourbon Street, and have been since 1995. A dispute over the alley that runs between the two properties is the basis for this lawsuit.
In August of 2015, Nola Bourbon filed a Petition for Preliminary Injunction, Permanent Injunction and Ex Parte Motion for Temporary Restraining Order. In the petition, Nola Bourbon alleged that Benitez ordered it to remove air conditioning units that were on defendants' property, *695 allegedly with defendants' permission. Upon learning that defendants no longer wanted the air conditioning units on their property, plaintiff entered into a verbal and written agreement with defendants to refrain from taking any action for a ten-day period. However, prior to the termination of the ten-day period, defendants closed in with bricks plaintiff's previously existing gate opening in the wall between the properties. Nola Bourbon alleged that the closure of the wall caused damage to its property. Specifically, plaintiff alleged that because its property could no longer drain into a pre-existing French drain between the properties, water would accumulate on plaintiff's property, flooding a downstairs unit; plaintiff could no longer access its air conditioning units for maintenance; and, repairs and/or maintenance could no longer be done to that side of plaintiff's property.
In their ex parte motion for a temporary restraining order, plaintiff requested that defendants be enjoined from dismantling or moving the air conditioning units, and from denying plaintiff access to defendants' side of the alley wall. The trial court granted only the portion of the restraining order addressing the air conditioning units. The defendants answered the petition, raising allegations of harm to their property, and arguing that plaintiff had no rights to the use of the alley.
Prior to a hearing being held on the petition for injunctive relief, defendants filed exceptions of no cause of action, improper use of summary proceeding and prematurity, all of which were denied by the trial court.
On October 15, 2015 and July 12, 2016, the trial court held hearings on plaintiff's petition for injunctive relief. A judgment was rendered on September 13, 2017, along with written reasons for judgment. The trial court ordered defendants to remove the brick wall that was constructed between the two properties to block plaintiff's gate. The trial court's ruling also permanently enjoined defendants and any successors in title from denying access to plaintiff and any successors in title to the defendants' side of the alley; from blocking or obstructing the French drain in the common alleyway; from removing the currently existing air conditioning units on defendants' property or from preventing maintenance of said units.
Defendants now appeal.
DISCUSSION:
In their first assignment of error, defendants argue that the trial court erred in granting a permanent injunction, as a hearing on the permanent injunction was never scheduled; rather, only a hearing on the preliminary injunction was noticed.
The judgment from which this appeal is taken is clearly granting a permanent injunction. Specifically, the court ordered the prompt removal of the brick wall in the former passageway between the properties. The judgment further found the existence of a continuous predial servitude of drainage,[1] an apparent predial servitude of access for maintenance acquired by acquisitive prescription, a right of access and a servitude for maintenance and repairs to plaintiff's property, and a servitude in favor of plaintiff for the placement of air conditioning units in the common alley on defendants' property.
Plaintiff argues that the parties met in chambers, at which time the trial judge stated that the matter would be tried once.
*696 Further, plaintiff alleges that the judge instructed that the original rule to show cause would be extended to a new date, based on a waiver of service by all counsel and an agreement to hold simultaneously a hearing on both the preliminary and permanent injunctions.
Our review of the record indicates that defendants were never notified of or stipulated to the hearing of this matter being on the merits of a permanent injunction. Rather, during the first day of hearing, counsel for plaintiff argued that an affidavit should be allowed into evidence over defendants' objection to hearsay, as affidavits are allowed at hearings on preliminary injunctions. The trial court allowed the affidavit into evidence, stating that "this is a summary hearing, it's an injunction hearing, and it could have been done solely by affidavit." As this Court is a court of record, we cannot rely on plaintiff's statements concerning matters that allegedly took place off the record. Succ. of Feingerts, 17-0265, p. 11 (La.App. 4 Cir. 12/21/17), 234 So.3d 1081, 1089, quoting Denoux v. Vessel Mgmt. Servs., Inc., 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.
Based on the above, it is clear that this case was tried on a petition for a preliminary injunction. See Elysian Fields Church of Christ v. Dillon, 08-0989, p. 8 (La.App. 4 Cir. 3/18/09), 7 So.3d 1227, 1232, citing Springlake Homeowners Ass'n, Inc. v. Pecot , 321 So.2d 789, 790 (La.App. 4th Cir. 1975). "[T]he jurisprudence is clear that a preliminary hearing cannot be converted to a permanent injunction hearing absent a stipulation of the parties to the contrary." Louisiana Serv. and Contracting Co., Inc. v. St. Bernard Parish Gov't. , 08-0174, p. 5 (La.App. 4 Cir. 11/26/08), 1 So.3d 557, 560.
Accordingly, we find that the defendants are entitled to a full trial on the merits of the permanent injunction. A permanent injunction may be rendered only "after a trial on the merits in which the burden of proof is a preponderance of the evidence rather than a prima facie showing." Elysian Fields Church of Christ, 08-0989, p. 8, 7 So.3d 1227, 1232, citing Bollinger Machine Shop and Shipyard, Inc. v. United States Marine, Inc. , 595 So.2d 756, 758 (La.App. 4th Cir. 1992). The judgment is hereby reversed and this matter remanded for further proceedings.[2]
REVERSED AND REMANDED

The petition for injunction makes a reference to the fact that water cannot drain from plaintiff's property into a French drain in the "common" alleyway. However, plaintiff's did not seek the recognition of a servitude of drainage.

Based on our ruling, we decline to discuss the remainder of defendants' assignments of error.