ALECIA RICHARD

VERSUS

KYLE BOURGEOIS, SR.

NO. 19-CA-494

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 795-561, DIVISION "M"
HONORABLE HENRY G. SULLIVAN, JR., JUDGE PRESIDING

March 18, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

**VACATED AND REMANDED**

    **MEJ**
    **SMC**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
ALECIA RICHARD
    Tracy G. Sheppard

COUNSEL FOR DEFENDANT/APPELLANT,
KYLE BOURGEOIS, SR.
    Christy M. Howley
    M. Elizabeth Bowman

**JOHNSON, J.**

Appellant, Kyle Bourgeois Sr., alleges that the Twenty-Fourth Judicial District Court committed error when it granted a permanent injunction in a summary proceeding in favor of Alecia Richard, the aunt of his minor son, Kyle Junior. Mrs. Richard filed a petition for an injunction against Mr. Bourgeois pursuant to Louisiana Code of Civil Procedure art. 3601 on May 23, 2019. A Temporary Restraining Order was issued. The trial court issued a permanent injunction on June 12, 2019 after a hearing on the matter. For the following reasons, we vacate the June 12, 2019 judgment and remand the matter for further proceedings.

*FACTS AND PROCEDURAL HISTORY*

On May 23, 2019, Alecia Richard filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction against Kyle Bourgeois on behalf of herself, her minor son and her (alleged incompetent) father. The petition accused Mr. Bourgeois of threatening Mrs. Richard with bodily harm or death, harassment, being an uninvited presence at her home, and making telephone calls and sending texts, emails or other electronic communications to Mrs. Richard. Mrs. Richard averred that Mr. Bourgeois began texting her the day before she filed the petition, against her express wishes, as she was watching Kyle Junior until his mother, Marie Cusachs (Mrs. Richard's sister) came home from work. A temporary consent judgment in the custody case between Mr. Bourgeois and Ms. Cusachs ordered that the parties, or their designated representatives, exchange physical custody of Kyle Junior on the days specified in the order at the First District Police Station at 4116 Hessmer Avenue in Metairie at 7:00 p.m.

The petition also alleges Mr. Bourgeois sent the police over to her home looking for his son and that he has threatened to continue to do so. Mrs. Richard

also alleges that Mr. Bourgeois sent her a text message that read, "I WILL DESTROY YOU," has attempted to run her father off of the road, and calls her derogatory names when leaving the police station after picking up or dropping off Kyle Junior. An order of protection, effective through May 30, 2019, was issued that same day and a rule to show cause for order of protection/injunction was set for the morning of May 30th.

On May 30, 2019, the order of protection was extended through June 12, 2019, and the rule to show cause was reset for that morning at 9:00 a.m., because no service had been made on Mr. Bourgeois. Instructions were provided to serve Mr. Bourgeois at the First District Police Station the next time he exchanged custody of Kyle Junior with his mother or the Richards. Mr. Bourgeois was served with the initial and subsequent orders on June 5, 2019.

On June 12, 2019 both Mrs. Richard and Mr. Bourgeois appeared *pro se* for the hearing on the injunction. The parties and their spouses, Mr. Brandon Richard and Mrs. April Bourgeois, testified. The parties admitted the following evidence: copies of text messages they, or Mr. Bourgeois and Ms. Cusachs, exchanged, monthly school calendars for the school where Kyle Junior attended kindergarten last year, and one page of a temporary consent judgment in 24th Judicial District Court Case No. 770-981, which ordered "[t]here shall be no 'drama' when the parties exchange physical custody of Kyle Junior, or at any other time."

Before ruling, the trial court advised both parties to focus on the well-being of Kyle Junior. The judge advised Mrs. Richard that she should respond to Mr. Bourgeois' inquiries about Kyle Junior's whereabouts. The judge also advised Mr. Bourgeois to be respectful and civil when interacting with the Richards and to be aware of negative effects the conflict among Mr. Bourgeois, Ms. Cusachs, and the Richards could have on Kyle Junior. The court ordered the parties not to subject the child or one another to derogatory language and not to harass or abuse one

another, and court costs were to be split between the parties. While ruling, the judge stated, "I'm not going to issue the Standard Uniform Abuse Prevention Order that the State has and it gets filed with the State. It's going to be an Order of the Court in the terms that I've just mentioned." However, the trial court issued a Standard Uniform Abuse Prevention Order as a permanent injunction, and the terms referenced were issued in an addendum attached to the order on June 12, 2019.

*LAW AND ANALYSIS*

First, we address the contradiction between the oral judgment given in court on June 12, 2019 and the subsequent issuance of a Uniform Abuse Prevention Order in the matter on the same date. A trial judge may render a written judgment that differs in substance from his or her prior oral statements. The oral statements form no part of the judgment. The written judgment is the only ruling from which an appeal may be taken.[1] *Bourgeois v. Bazil*, 18-676 (La.App. 5 Cir. 4/24/19); 271 So.3d 341, 348 (citations omitted). When there is a conflict between oral reasons for judgment and a written judgment, the written judgment controls. *Id*. This is true even when the trial court may have intended otherwise. *Id*. Accordingly, the Uniform Abuse Prevention Order issued by the trial court is a valid judgment, pending the instant appeal.

Under Louisiana Code of Civil Procedure art. 3601, "[a]n injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant, or in other cases specifically provided by law." *Lassalle v. Daniels*, 96–176 (La.App. 1 Cir. 5/10/96); 673 So.2d 704, 709, *writ denied*, 96–1463 (La. 9/20/96); 679 So.2d 435. An injunction is a harsh, drastic and extraordinary remedy, and should only issue where the mover is threatened with irreparable loss or injury without adequate remedy at law. *Lafreniere Park Found. v. Friends of*

---

[1] *See also* Louisiana Code of Civil Procedure arts. 1911 and 1918.

*Lafreniere Park, Inc.*, 97–152 (La.App. 5 Cir. 7/29/97); 698 So.2d 449, 452, *writ denied*, 97–2196 (La.11/21/97); 703 So.2d 1312.

"The issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence." *Zeringue v. St. James Parish School Board*, 13–444 (La.App. 5 Cir. 11/19/13); 130 So.3d 356, 358-59, *citing Mary Moe, L.L.C. v. Louisiana Bd. of Ethics*, 03–2220 (La. 4/14/04); 875 So.2d 22, 29. The appellate court reviews the granting or denial of a preliminary injunction under the manifest error standard. *Id*. The standard is the same for a permanent injunction. *Id*.

Upon review of the record, we find that the trial court improperly converted the hearing for preliminary injunction to a permanent injunction hearing. "The jurisprudence is clear that a preliminary hearing cannot be converted to a permanent injunction hearing absent a stipulation of the parties to the contrary." *Elysian Fields Church of Christ v. Dillon*, 08–989 (La.App. 4 Cir. 3/18/09); 7 So.3d 1227, 1232. "A preliminary injunction is merely provisional and is tried as a summary proceeding. By contrast, a permanent injunction must be tried as an ordinary proceeding." *Hyman v. Puckett*, 15–930 (La.App. 4 Cir. 5/4/16); 193 So.3d 1184, 1190.

In the instant case, the first temporary restraining order (TRO) expired on the day the preliminary injunction hearing was scheduled, May 30, 2019. Because service was not effected on Mr. Bourgeois, the hearing was continued until June 12, 2019. According to the May 30, 2019 minute entry, Mrs. Richard was provided with a certified copy of an Order to Extend Order of Protection and Temporary Restraining Order[2] in open court, and the service instructions were to

---

[2] We note that because the Order to Extend Order of Protection referenced the temporary restraining order (TRO) issued on May 23, 2019, as opposed to the TRO issued on May 30, 2019, both the TRO issued on May 23, 2019 and the TRO issued on May 30, 2019 expired on June 10, 2019.

attempt to serve Mr. Bourgeois at a physical custody exchange of Kyle Junior in front of the Sheriff's Office.

The record does not indicate that the parties entered into a stipulation that the preliminary hearing be converted to a hearing for a permanent injunction. In *Louisiana Serv. & Contracting Co., Inc. v. St. Bernard Par. Gov't*, 08–174 (La.App. 4 Cir. 11/26/08); 1 So.3d 557, 560, *writ denied*, 09–439 (La. 4/17/09); 6 So.3d 792, the Fourth Circuit upheld a permanent injunction granted after a hearing for preliminary injunction, without a full trial on the merits. The Fourth Circuit opined that "it is equally well established that where a judgment denying a preliminary injunction after a hearing on the rule also passes on the merits of the case and effectively disposes of all issues presented by the pleadings, such judgment is a final judgment." However, that case is distinguishable from the instant case in that the appellate court in *Louisiana Serv. & Contracting Co., Inc.* noted that "the trial court went to great lengths to provide the parties with adequate time to submit evidence and brief the issues," and "there were no factual disputes [in that case . . .,] and the legal issues were vigorously contested in [. . .] pre-hearing and post-hearing memorandums." *Id*. "A permanent injunction should not be granted unless the parties know their case is to be tried on the merits and have an opportunity to prove or defend their case on a preponderance of the evidence" *New Orleans Fed. Sav. & Loan Ass'n v. Lee*, 425 So.2d 947, 949 (La.App. 4th Cir. 1983). Mr. Bourgeois, representing himself *pro se*, only had six days to prepare after receiving notice to "show cause on June 12, 2019 [. . .] why the foregoing Temporary Restraining order [he was served with] should not be made a Preliminary Injunction[3]."

---

[3] The Louisiana Uniform Abuse Prevention Order Mr. Bourgeois was served with was issued on May 30, 2019 at 9:21 a.m. Underneath the judge's signature, a check mark appears besides the option "if TRO, issued ex parte."

In *Lasalle*, *supra*, an area judge filed an action seeking an injunction against a social acquaintance, who had, over a period of seven years, began making harassing phone calls to the judge's house and progressed to passing by her house, leaving notes in her mailbox and on her door, threatening her in her workplace parking facility, and abusing other court personnel. After a hearing where seven witnesses besides the parties testified, the First Circuit affirmed the trial court judgment granting only a preliminary injunction in favor of the judge. Similar to *Lasalle*, in the instant case, the hearing addressed the case on its merits, the parties introduced evidence into the record, and a few witnesses testified. "[I]n some cases the merits of an action may be decided during an interlocutory proceeding, this is only when the parties have expressly agreed to submit the case for final decision at the hearing on the rule for a preliminary injunction." *Zachary Mitigation Area, LLC v. Tangipahoa Par. Council*, 16–1675 (La.App. 1 Cir. 9/21/17); 231 So.3d 687, 692; *See also Bally's Louisiana, Inc. v. Louisiana Gaming Control Bd.*, 99–2617 (La.App. 1 Cir. 1/31/01); 807 So.2d 257, 263, *writ denied*, 01–510 (La. 1/11/02); 807 So.2d 225. ("The principal demand, as opposed to the preliminary injunction, is determined on its merits only after a full trial under ordinary process, even though the hearing on the summary proceedings to obtain the preliminary injunction may touch upon or decide issues regarding the merits.")

Mr. Bourgeois did not consent to the June 12, 2019 hearing's conversion to a hearing for permanent injunction, did not receive an opportunity to consent to the conversion, or receive notice that the hearing could result in a permanent injunction against him. In fact, at the end of the June 12, 2019 hearing, the trial court's oral ruling stated that a Uniform Abuse Protection Order would not issue. Because Mr. Bourgeois and Mrs. Richard did not "expressly agree to submit the case for final decision" at the preliminary injunction hearing, we vacate the order granting a permanent injunction against Mr. Bourgeois. *See Bally's, supra*, at 263.

*DECREE*

For the foregoing reasons, we vacate the judgment dated June 12, 2019 granting permanent injunctive relief in favor of Mrs. Richard. This matter is remanded for further proceedings. Each party is to bear its own costs on appeal.

**VACATED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 18, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-494

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE HENRY G. SULLIVAN, JR. (DISTRICT JUDGE)
CHRISTY M. HOWLEY (APPELLANT)

### MAILED
TRACY G. SHEPPARD (ATTORNEY)          M. ELIZABETH BOWMAN (ATTORNEY)
412 DOLHONDE STREET                    629 LAFAYETTE STREET
GRETNA, LA 70053                       GRETNA, LA 70053