| NGA 911, LLC | * | NO. 2022-CA-0049 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| ORLEANS PARISH COMMUNICATION DISTRICT | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-07685, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

Grant J. Guillot
GRANT GUILLOT, LLC
5028 River Meadow Drive
Baton Rouge, LA 70820


COUNSEL FOR PLAINTIFF/APPELLEE


Benjamin M. Chapman
LAFLEUR & LABORDE, LLC
6160 Perkins Road, Suite 225
Baton Rouge, LA 70808

Juan Joseph Lizarraga
LAFLEUR & LABORDE, LLC
620 Andrew Higgins Boulevard
Suite 2012
New Orleans, LA 70130-1010


COUNSEL FOR DEFENDANT/APPELLANT

**VACATED IN PART AND REMANDED**
SEPTEMBER 15, 2022

Orleans Parish Communication District ("OPCD") appeals the trial court's November 10, 2021 judgment granting NGA 911, LLC's petition for preliminary injunction. For the following reasons, that portion of the November 10, 2021 judgment granting preliminary injunctive relief is vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 29, 2021, OPCD entered into a contract with Carbyne, Inc. ("Carbyne") to expand 9-1-1 emergency infrastructure and technology. Thereafter, on September 24, 2021, NGA 911, LLC ("NGA") filed a petition for preliminary and permanent injunction and declaratory judgment. The petition alleged that OPCD's award of the contract to Carbyne without utilizing the public bid process or the RFP process set forth in the telecommunications and data procurement law violates the Louisiana Public Bid Law.

OPCD subsequently filed dilatory exceptions of prematurity and unauthorized use of summary proceeding, and a peremptory exception of no cause of action. On November 5, 2021, the trial court held a hearing on NGA's petition and OPCD's exceptions. On that same date, the trial court orally denied OPCD's exceptions. NGA filed a post-hearing motion to supplement its petition for preliminary and permanent injunction and declaratory judgment, attaching the Carbyne contract. OPCD opposed the motion. On November 8, 2021, OPCD filed a motion for new trial.

On November 10, 2021, the trial court denied OPCD's exceptions, and granted NGA's petition for preliminary and permanent injunction and declaratory judgment. The judgment further prohibited OPCD from proceeding with the terms and conditions of the Carbyne contract, and declared that OPCD violated the Louisiana Public Bid Law and that the Carbyne contract was an absolute nullity.

On December 3, 2021, OPCD filed a motion for suspensive appeal of that portion of the judgment granting the preliminary injunction. The trial court granted the suspensive appeal, suspending that portion of the November 10, 2021 judgment. This appeal timely followed.[1]

**STANDARD OF REVIEW**

The standard of review for a preliminary injunction is whether the trial court abused its discretion in ruling. *Hyman v. Puckett*, 2015-0930, p. 5 (La. App. 4 Cir.

---

[1] NGA filed an expedited writ application, seeking review of the trial court's order granting a suspensive appeal of the trial court's issuance preliminary injunction. This Court granted the writ application, and converted the suspensive appeal into a devolutive appeal. *NGA 911, LLC v. Orleans Parish Communication District*, 2022-0181 (La. App. 4 Cir. 3/22/22) (*unpub*).

5/4/16), 193 So.3d 1184, 1188 (quoting *Rand v. City of New Orlean*s, 2012-0348, pp. 3-4 (La. App. 4 Cir. 12/13/12), 125 So.3d 476, 479). That broad standard is based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion. *Hyman*, 2015-0930, p. 5, 193 So.3d at 1188 (quoting *Yokum v. Pat Obrien's Bar, Inc.*, 2012-0217, p. 7 (La. App. 4 Cir. 8/15/12), 99 So.3d 74, 80).

However, where errors of law are involved, the appropriate standard of review is *de novo*. *Hyman*, 2015-0930, p. 5, 193 So.3d at 1188 (citing *Balseiro v. Castaneda-Zuniga*, 2004–2038, p. 6 (La. App. 4 Cir. 8/17/05), 916 So.2d 1149, 1153). In its review of a preliminary injunction, the appellate court will consider whether the "trial court committed an error of law or made a factual finding which is manifestly erroneous or clearly wrong." *Hyman*, 2015-0930, p. 5 193 So.3d at 1188 (quoting *Saunders v. Stafford,* 2005-0205, p. 5 (La. App. 4 Cir. 1/11/06), 923 So.2d 751, 754).

**DISCUSSION**

OPCD assigns three assignments of error:

1) The trial court erred in holding that the contract is subject to the Louisiana Public Bid Law.

2) The trial court erred in re-assigning NGA's request for preliminary injunctive relief to another division for hearing.

3) The trial court erred in granting NGA's request for preliminary injunctive relief.

We begin our discussion by addressing the trial court's grant of the preliminary injunction.

***Issuance of Preliminary Injunction***

OPCD argues the trial court's issuance of injunctive relief through summary proceeding was incorrect.

"A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits." *Faubourg Marigny Improvement Ass'n, Inc. v. City of New Orleans*, 2015-1308, p. 12 (La. App. 4 Cir. 5/25/16), 195 So.3d 606, 615 (quoting *Smith v. Brumfield,* 2013-1171, p. 5 (La. App. 4 Cir. 1/15/14), 133 So.3d 70, 74).

A preliminary injunction is essentially an interlocutory order issued in a summary proceeding incidental to the main demand for permanent injunctive relief. *Jacobs v. Balentine Carbondale Holdings, LLC*, 2019-0285, p. 3 (La. App. 4 Cir. 8/28/19), 279 So.3d 414, 416-17 (citing *Bank One, National Ass'n v. Velten*, 2004-2001, p. 5 (La. App. 4 Cir. 8/17/2005), 917 So.2d 454, 458).

"There is a significant evidentiary difference between a judgment on a preliminary injunction and a judgment on the case's merits." *Jacobs*, 2019-0285, pp. 3-4, 279 So.3d at 417 (citing *Bank One,* 2004-2001, p. 5, 917 So.2d at 458). A preliminary injunction may be issued merely on a prima facie showing by the petitioner that 1) it will suffer irreparable injury, loss, or damage if the injunction is not issued; 2) it is entitled to the relief sought; and 3) it will likely prevail on the merits of the case. *Downtown Dev. Dist. of City of New Orleans v. City of New Orleans*, 2018-0726, p. 16, 272 So.3d 917, 930 (quoting *A.P.E., Inc. v. City of New Orleans*, 2013-1091, p. 5 (La. App. 4 Cir. 1/15/14), 132 So.3d 475, 478). In contrast, the principal demand is determined on its merits only after a full trial

4

under ordinary process. *Jacobs*, 2019-0285, pp. 3-4, 279 So.3d at 417 (citing *Bank One,* 2004-2001, p. 5, 917 So.2d at 458).

It is well-settled that a preliminary injunction hearing cannot be converted to a permanent injunction hearing absent a stipulation of the parties to the contrary. *Nola Bourbon, LLC v. Rodriguez-Franco*, 2017-1002, pp. 5-6 (La. App. 4 Cir. 4/18/18), 243 So.3d 693, 696 (quoting *Louisiana Serv. and Contracting Co., Inc. v. St. Bernard Parish Gov't.*, 2008-0174, p. 5 (La. App. 4 Cir. 11/26/08), 1 So.3d 557, 560).

Similar to permanent injunctions, declaratory actions are also tried as ordinary proceedings. "[A] declaratory judgment is to provide a method whereby parties may request a trial judge to 'declare rights, status, and other legal relations whether or not further relief is or could be claimed.'" *Hyman*, 2015-0930, p. 11, 193 So.3d at 1191 (quoting *Schwegmann Family Trust No. 2 v. White III, LLC,* 2011–0611, p. 12 (La. App. 4 Cir. 9/30/11), 76 So.3d 1228, 1235; La. C.C.P. art. 1871).

In *NGA 911, LLC v. Orleans Parish Communication District*, 2021-0287 (La. App. 4 Cir. 1/27/22), 337 So.3d 984, this Court addressed whether the trial court properly issued injunctive and declaratory relief. The plaintiff filed a petition for preliminary and permanent injunction and declaratory judgment, and sought to enjoin and nullify a contract. *NGA 911, LLC*, 2021-0287, p. 1, 337 So.3d at 987. This Court found that all material issues raised in the petition were adjudicated without a full evidentiary hearing. This Court noted that the parties did not stipulate to disposing of the entirety of the case during the preliminary injunction proceeding, and the trial court erred as a matter of law, "first, by cumulating the actions for preliminary and permanent injunctive relief, and

second, by granting a permanent injunction absent a full evidentiary hearing." *NGA 911, LLC*, 2021-0287, p. 12, 337 So.3d at 993. Likewise, this Court found that because the declaratory relief was granted through summary proceeding, the trial court erred. *Id.* at. p. 13, 337 So.3d at 993.

In the instant matter, similar to *NGA 911, LLC*, the trial court held only a summary proceeding, yet issued a permanent injunction and declaratory judgment. Specifically, the trial court prohibited OPCD from proceeding with the terms and conditions of the contract with Carbyne. The judgment further declared that OPCD violated the Louisiana Public Bid Law, and the contract between OPCD and Carbyne was an absolute nullity without conducting an evidentiary hearing on the issue. "The determination of whether the contract falls under Louisiana Public Bid Law will have to be made at trial on the merits of the permanent injunction and declaratory judgment." *Zachary Mitigation Area, LLC v. Tangipahoa Par. Council*, 2016-1675, p. 6 (La. App. 1 Cir. 9/21/17), 231 So.3d 687, 691.

Just as in *NGA 911, LLC*, the record is void of any stipulations between the parties agreeing to dispose of the entirety of the case during the summary proceedings. NGA was not entitled to the remedy in which it received in a summary proceeding. Therefore, we find that the trial court erred, first, in improperly cumulating summary and ordinary proceedings, and second, in granting the preliminary injunction.

### Remaining Assignments of Error

Next, OPCD argues that the Carbyne contract is not subject to the Louisiana Public Bid Law because it is an agreement for subscription services and all of the software, servers, circuits, data processing, and wire components remains the sole

property of Carbyne. OPCD also argues that the trial court erred in re-assigning NGA's request for preliminary injunctive relief to another division for hearing. In light of finding that the trial court erred in granting the preliminary injunction, we pretermit discussion of OPCD's remaining assignments of error.

**CONCLUSION**

For the reasons assigned, we vacate that portion of the November 10, 2021 judgment granting preliminary injunctive relief, and remand this matter for further proceedings consistent with this opinion.

**VACATED IN PART AND REMANDED**