# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-957

**THOMAS F. THIELS, ET UX.**

**VERSUS**

**JONAS JERON DENNIS, ET UX.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 230,817
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and James T. Genovese, Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

**Ricky L. Sooter**
**George I. Fine**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**Telephone: (318) 445-3631**
**COUNSEL FOR:**
  **Plaintiffs/Appellants - Thomas F. Thiels and Virginia Hanes Thiels**

**James E. Uschold**
**909 Poydras Street - Suite 2520**
**New Orleans, LA 70112**
**Telephone: (504) 525-4361**
**COUNSEL FOR:**
  **Defendants/Appellees - Jonas Jeron Dennis and Helen Winn Dennis**

**Randal Bryan Tannehill**
**Tannehill & Sylvester**
**2900 Military Highway**
**Pineville, LA 71360**
**Telephone:  (318) 641-1550**
**COUNSEL FOR:**
      **Defendants/Appellees - Jonas Jeron Dennis and Helen Winn Dennis**

**THIBODEAUX, Chief Judge.**

Plaintiffs, Thomas and Virginia Thiels, seek to enforce a servitude of passage and to prohibit a neighboring property owner from interfering with that servitude. Though the trial court ruled that the neighboring property owners' gate crossing the servitude interfered with the right of passage, the trial court allowed the brick columns erected on the servitude to remain. Mr. and Mrs. Thiels appeal this portion of the trial court's judgment because the brick columns unlawfully encumber the right of passage and, thus, must be removed. For the following reasons, we affirm in part and reverse in part in favor of Mr. and Mrs. Thiels. The title creating the servitude is clear regarding the width of the servitude of passage.

I.

## ISSUE

We must decide whether the trial court erred in refusing to order the demolition of the brick columns erected on the servitude of passage.

II.

## FACTS AND PROCEDURAL HISTORY

On October 8, 1979, Judy Thiels Snow and James A. Snow conveyed a twenty-four acre[1] tract of land in Rapides Parish to Mr. and Mrs. Thiels. That same day, the Snows granted a fifty-foot wide predial servitude in favor of the twenty-four acres acquired by Mr. and Mrs. Thiels. Thereafter, the Snows conveyed to them an additional tract of land traversed by the aforementioned predial servitude.

In May 1982, James A. Snow and Judy M. Thiels conveyed the five acre servient estate by cash sale to Hardy LaCour. The survey attached to the sale to LaCour clearly shows the fifty-foot wide predial servitude at issue. In November

---

[1]Specifically, the Snows conveyed 24.1 acres of land to Mr. and Mrs. Thiels.

2006, the LaCour heirs sold the servient estate to Defendants, Jonas and Helen Dennis. The legal description in the Act of Cash Sale of the servient estate to Mr. and Mrs. Dennis specifically refers to the original survey which shows the predial servitude.

The dominant estate has been farmed since Mr. and Mrs. Thiels' original acquisition of the property in 1979. Beginning in 1998, they leased the dominant estate to Thomas Vanderlick. Vanderlick, his various family members, and vendors have used the predial servitude of passage to gain access to the dominant estate.

In September 2007, Thomas Thiels discovered that Mr. and Mrs. Dennis were erecting brick columns and a gate across the servitude of passage. Mr. Thiels advised the work crew of his servitude, but the work continued. Mr. and Mrs. Dennis then placed a locked gate on the servitude area.

Mr. and Mrs. Thiels filed a petition for possession and preliminary and permanent injunction seeking removal of the obstruction. The trial court issued a preliminary injunction restraining Mr. and Mrs. Dennis, or anyone acting on their behalf, from maintaining or erecting any fences, gates, or improvements within the predial servitude of passage. The trial court ordered them to restore access to the predial servitude within fifteen days.

The trial court held a trial on the permanent injunction. The trial court entered a permanent injunction directing the removal of the gates but allowing the servient estate to maintain the brick columns. The court referenced testimony from Vanderlick regarding his use of the servitude[2] and reasoned that the brick columns did not impair Vanderlick's current use of the servitude.

---

[2]Specifically, Vanderlick testified that he did not bring large farm equipment through the servitude of passage.

III.

## LAW AND DISCUSSION

### Standard of Review

This case poses a question of law, as it involves the interpretation of codal articles. Thus, the appropriate standard of review is de novo.

> An appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation or application of the law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court.

*Domingue v. Bodin*, 08-62, p. 2 (La.App. 3 Cir. 11/5/08), 996 So.2d 654, 657 (citations omitted).

Moreover, under the de novo standard of review, the appellate court gives no additional weight to the trial court but, instead, conducts a de novo review and renders judgment on the record. *Id.* Accordingly, we will review the record in its entirety to determine whether the trial court's decision was legally correct.

### Use and Extent of the Predial Servitude

Louisiana Civil Code Article 748 governs this servitude of passage, established by title. This article states, in part, "[t]he owner of the servient estate may do nothing tending to diminish or make more inconvenient the use of the servitude." Moreover, as the Louisiana First Circuit Court of Appeal stated in *Dupont v. Hebert*, 06-2334, pp. 8-9 (La.App. 1 Cir. 2/20/08), 984 So.2d 800, 807, *writ denied*, 08-640 (La. 5/9/08), 980 So.2d 695 (citations omitted):

> [T]he use and extent of a predial servitude are regulated by the title by which they are created and in the absence of such regulation, they are governed by the rules set forth in LSA-C.C. arts. 698 through 774. It is only where the title does not specify the extent of the right and the mode of its exercise that the extent of the servitude of passage is

3

subject to interpretation based on what is suitable for the kind of traffic necessary for the reasonable use of the dominant estate.

Thus, when a predial servitude is created by contract, courts have found that the title by which the servitude was created regulated the use and extent of such a servitude. Furthermore, only if the title was silent as to the extent and manner of use of the servitude have the courts resorted to an examination of the intent of the parties to determine the purpose of the servitude. When the title provides the exact dimensions of the area affected by the servitude, that contract must be given full effect. The owner of the servient estate may not, by unilateral action, effectively take over the unused areas of the servitude by establishing permanent structures thereon.

Louisiana Civil Code Article 749 explains: "[i]f the title is silent as to the extent and manner of use of the servitude, the intention of the parties is to be determined in light of its purpose." Here, title created the servitude in question. It is not silent regarding the extent of the servitude. It is undisputed that the title created a servitude of passage of fifty feet on the servient estate and that the brick columns constructed by Mr. and Mrs. Dennis lie within that area. The evidence reflects that construction of the brick columns narrows the passage from fifty feet to eleven feet.

The law is clear and unambiguous. Mr. and Mrs. Thiels are entitled to free and unencumbered use of their servitude. Mr. and Mrs. Dennis have no legal basis for either constructing a gate across the servitude or narrowing the servitude from fifty feet to eleven feet. Construction of the gate and columns impermissibly diminishes the use of the servitude by Mr. and Mrs. Thiels.

The trial court required only that Mr. and Mrs. Dennis remove the gate but allowed the brick columns to remain. The trial court's reasoning that the current use of the servitude by Vanderlick did not warrant removal of the columns is inconsistent with La.Civ.Code arts. 748 and 749. Because the title contract clearly allowed for fifty-foot wide servitude of passage on the servient estate, the trial court

4

erred by interpreting testimony regarding use of the servitude. *Dupont*, 984 So.2d 800. No doubt exists that Mr. and Mrs. Thiels are entitled to clear passage for the full width of fifty feet. Thus, the judgment of the trial court with regard to the brick columns is reversed, and Mr. and Mrs. Dennis are ordered to remove the columns within fourteen days of the finality of this judgment.

IV.

## CONCLUSION

Based upon the foregoing, we reverse the portion of the judgment of the trial court regarding the brick columns erected on the servient estate. We affirm the remaining portions of the trial court's judgment. Costs of this appeal are assessed to Jonas Jeron Dennis and Helen Winn Dennis.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**