BROWN, Chief Judge.
[! Plaintiffs, Tokyo Japanese Steakhouse, Inc., and Tokyo Japanese Restaurant Building, LLC, appeal the denial of then-request for a preliminary injunction prohibiting defendants, Man T. Sohn and Sushiko, Inc., from operating a competing restaurant. We affirm.

Facts and Procedural Background

Tokyo Japanese Steakhouse, Inc., and Tokyo Japanese Restaurant Building, LLC, were formed in May 2008 by Tony Wang and Man T. Sohn. Wang and Sohn each own a 50 percent share in both ventures. Tokyo Building, LLC, owns the property on which the Tokyo Steakhouse operates in Shreveport, Louisiana. Initially, Wang served as president and Sohn as secretary/treasurer of the two businesses, with Sohn serving as the day-to-day manager of the Steakhouse. In April 2006, a spirited disagreement arose between the two owners, and Wang assumed management of the restaurant. Apparently, it was anticipated that one party would purchase the other’s interest; however, this never occurred.
In February 2007, Sohn opened Sushiko at the Louisiana Boardwalk in Bossier City, Louisiana. Both Tokyo Steakhouse and Sushiko sell sushi. This led to two lawsuits presided over by two different judges.
On October 6, 2010, plaintiffs, Tokyo Steakhouse, Tokyo Building, LLC, and Tony Wang, instituted the present action against defendants, Man T. Sohn and Sushiko, Inc., alleging that Sohn and through him, Sushiko, Inc., acted in concert to cause a note on the building owned by Tokyo Building, LLC, to fall into default and, thereby, eliminated Tokyo Steakhouse as a “competitor” and/or to force Wang to purchase Sohn’s 12interest in the two Tokyo companies “at a price higher than [their] fair market value.” The original petition alleged that the actions of Sohn amounted to “willful, intentional breaches of fiduciary duty” to plaintiffs and constituted “unfair competition, pursuant to La. R.S. 51:1401, et seq.”
On October 26, 2010, defendants filed peremptory exceptions of no cause of action and no right of action. The exceptions as to Tokyo Steakhouse and Tokyo Building, LLC, were denied. The exception of no right of action against Wang was granted and his claims were dismissed.
On December 2, 2011, plaintiffs filed a motion for preliminary injunction requesting an injunction (1) enjoining, restraining and commanding Sohn and Sushiko to cease and desist all operations in the sale of sushi and sushi-related products and from doing business in direct competition with Tokyo Steakhouse; or (2) mandating Sohn to allow Wang or Tokyo Steakhouse to purchase Sushiko at Sohn’s start-up cost. In answer, defendants filed exceptions of unauthorized use of summary proceedings, res judicata, and prescription.
*545 On March 26, 2012, Judge Leon Emanuel denied plaintiffs motion for a preliminary injunction and pretermitted ruling on the exceptions filed by defendants. Plaintiffs appealed. The only issue on appeal is the denial of the petition for a preliminary injunction.

Discussion

An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. La. C.C.P. art. 3601. “Irreparable injury,” for ^purposes of preliminary injunction, is an injury or loss which cannot be compensated in money damages or be measured by pecuniary standards. Cason v. Chesapeake Operating, Inc., 47,084 (La.App.2d Cir.04/11/12), 92 So.3d 436, writ denied, 12-1290 (La.09/28/12), 98 So.3d 840.
A preliminary injunction is an interlocutory procedural device designed to preserve the existing status quo pending a full trial on the merits. South Cent. Bell Telephone Co. v. Louisiana Public Service Com’n, 555 So.2d 1370 (La.1990); Louisiana Gaming Corp. v. Rob’s Mini-Mart, Inc., 27,920 (La.App.2d Cir.01/24/96), 666 So.2d 1268. However, a mandatory injunction, one which requires someone to do an act, differs greatly from an injunction which merely seeks to protect the status quo. When the status quo is a condition “not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury upon the complainant,” a mandatory injunction is appropriate. Cason, supra.
In City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.03/02/99), 739 So.2d 748, the issue was whether the Vieux Carr Commission a claim for a mandatory injunction to remove the Cabildo’s fence under the applicable law. The court, at 739 So.2d at 756, stated:
A mandatory injunction commands a party to take specific action. A mandatory injunction may not be issued on a merely prima facie showing that the party seeking the injunction can prove the necessary elements; instead, the party must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction.
1 /The first lawsuit Docket No. 514,975
As part of the hearing on the motion for preliminary injunction, which is the subject of this appeal, the trial court accepted the record of a prior lawsuit between the parties, Man T. Sohn v. Tony Wang (Docket No. 514,975, Judge Scott Crichton presiding), as an exhibit. A full evidentiary hearing was held in this suit. That suit, filed on September 7, 2007, was initiated by Sohn in an effort to compel Wang to continue to pay him $5,000 per month pursuant to an agreement between the parties. Wang filed a reconventional demand alleging a “Breach of Fiduciary Duty/Usurpation of Opportunity” against Sohn. The matter was heard by Judge Crichton on July 1, 2009.
In that action, Wang argued that he was “entitled to a permanent injunction enjoining Sohn from owning or operating Sushi-ko as a sushi restaurant in competition with Tokyo Steakhouse for so long as Sohn is an officer or director of the company.” Judge Crichton held:
Given the previous factual and legal conclusions, the Court believes it would be unfair to grant Wang’s request that Tokyo be granted a permanent injunction enjoining Sohn from owning or operating Sushiko as a sushi restaurant because (1) it is not properly pled, in the reconventional demand, but rather is ar *546 gued in post trial brief; and (2) even if properly pled, it is not justified based on the facts or applicable law. Accordingly, Wang’s injunctive request is denied.
As to the other matters, Judge Crichton denied all but one claim by Sohn against Wang for the amount of $5,000. Judge Crichton found that Sohn “violated his obligations of good faith and his fiduciary obligation owed to the corporate entity, Tokyo, and the other shareholder, Wang ...” To redress this violation, the court awarded Wang, individually and derivatively on behalf of Tokyo Steakhouse, damages of $36,032. Judge |fiCrichton further stated that the remaining “practical and very serious issues of valuation, sale and /or dissolution can be resolved by agreement.” No appeal was taken from that judgment.

Preliminary injunction

At the outset we will address plaintiffs’ argument that Judge Emanuel abused his discretion by declining to rule on their request for injunctive relief on the basis that the parties should attempt to resolve their differences extrajudicially. This contention is erroneous. The trial court expressly denied plaintiffs’ request for in-junctive relief. Thus, we are left to determine whether that denial was proper.
Whether Sohn owed plaintiff a fiduciary duty not to compete with Tokyo Steakhouse and whether the continued operation of Sushiko constitutes a continued breach of that duty was addressed by Judge Crichton in suit number 514,975. Specifically, Judge Crichton found:
To make matters worse, in early 2007 Mr. Sohn violated his obligations of good faith and his fiduciary obligation owed to the corporate entity, Tokyo, and the only other shareholder, Wang, by the following: (A) In February 2007, Sohn opened Sushiko Restaurant in the Boardwalk Bossier City, selling sushi in direct competition with Tokyo, and, of course, without the knowledge and consent of his co-director, fellow shareholder, and officer of Tokyo, and without providing Tokyo the opportunity to participate. While Sohn’s counsel has argued that there is no legal or contractual authority that Sohn violated a fiduciary duty by opening a sushi restaurant, this Court disagrees. The legal authority is La. R.S. 12:91.
We agree, but as noted, Judge Crichton redressed the breach of the fiduciary obligation, the opening of a competitive restaurant without providing Tokyo the opportunity to participate, by ordering Sohn to pay Wang damages in the amount of $36,032, which was satisfied in 2010. This sum represented the money Sohn misappropriated from the Tokyo |fiSteakhouse account to start Sushiko. Judge Crichton also held that as to the request for a permanent injunction “it is not justified based on the facts or applicable law. Accordingly, Wang’s injunctive request is denied.”
If the plaintiffs could show a likelihood of success on the merits, irreparable harm could be presumed. However, Sohn’s opening of a competing sushi restaurant occurred in February 2007. The first suit was initiated by Sohn in September 2007. In July 2009, Judge Crichton denied the request for a permanent injunction. The present suit was not filed until October 2010 and the request for a preliminary injunction was not made until December 2011, almost five years after Sushi-ko opened.
Assuming, arguendo, that the plaintiffs were likely to succeed on the merits concerning the issue of the renewal of the note (defendants have stated that the note has in fact been renewed), and that they would be entitled to a presumption of ir *547 reparable harm, even without providing proof thereof, we find then, that the presumption is rebutted by plaintiffs’ unexplained delay of more than four years in commencing this action. Such an unreasonable delay between the time when mov-ants were first apprised of the infringing acts and the time of filing suit undercuts the movants’ claim of irreparable injury.
Tokyo claimed that Sohn’s position with both Tokyo and Sushiko “represents an ongoing breach of the fiduciary duty of loyalty.” However, more harm is not necessarily any more irreparable, so long as it is not qualitatively different. Here, the allegedly “continuing” use does not inflict harm qualitatively different from the harm flowing from the prior infringement.
^Considering the aforementioned, we find that plaintiffs failed to prove that they would suffer irreparable harm and, further, that the denial of plaintiffs’ request for injunctive relief maintains the existing status quo pending a full trial on the merits. However, as to the merits, the court must consider that most issues have been determined and remedied by Judge Crichton. Accordingly, the trial court did not abuse its discretion in denying plaintiffs’ request for a preliminary injunction.

Conclusion

For the foregoing reasons, the judgment of the of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs, Tokyo Japanese Steakhouse, Inc., and Tokyo Japanese Restaurant Building, LLC.