# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 23-326


**EVERETTE D. MAYO, JR. AND SHEILA BASS MAYO**

**VERSUS**

**LAGNIAPPE WILLOW LAKE, LLC**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 30,578 "A"
HONORABLE KATHY JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## LEDRICKA J. THIERRY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Candyce G. Perret, and Ledricka J. Thierry, Judges.


**AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**

Jennifer N. Willis
Willis & Buckley, APC
3723 Canal Street
New Orleans, LA 70119
(504) 488-6301
COUNSEL FOR DEFENDANT/APPELLANT
    Lagniappe Willow Lake, LLC

Gary J. Gambel
Murphy, Rogers, Sloss, Gambel & Tompkins
902 West Thomas Street
Hammond, Louisiana 70401
-and-
701 Poydras Street, Suite 400
Hacock Whitney Center
New Orleans, Louisiana 70139
(504) 523-0400
COUNSEL FOR DEFENDANT/APPELLANT
    Lagniappe Willow Lake, LLC

Donald R. Wilson
Wilson & Wilson
P.O. Box 1346
Jena, Louisiana 71342
(318) 992-2104
COUNSEL FOR PLAINTIFFS/APPELLEES
    Everette D. Mayo, Jr. and Sheila Bass Mayo

**THIERRY, Judge.**

This is a nuisance dispute between landowners and a mineral lessee regarding equipment located at a well site. After the trial court found that the equipment constituted a nuisance and subsequently entered a preliminary mandatory injunction, the mineral lessee appealed. For the reasons that follow, we affirm the portion of the judgment denying exceptions of no cause of action and no right of action, vacate the portion of the judgment granting a preliminary injunction, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Everette D. Mayo, Jr. and Sheila Bass Mayo ("the Mayos"), husband and wife, are the surface owners of certain property in Catahoula Parish, Louisiana, referred to as Idalia Plantation. They use Idalia Plantation as farm property and also built a house on the property. A portion of Idalia Plantation—approximately forty acres—is subject to a mineral servitude, in which the Mayos, as the servient estate owners, own the surface rights and Smithland Plantation, Inc. ("Smithland"), as the dominant estate owner, owns the mineral rights. This mineral servitude was in effect prior to the Mayos' purchase of Idalia Plantation, and the Willow Lake-Womack No. 4 well was also drilled on Idalia Plantation prior to the Mayos' purchase.

On February 15, 2019, Smithland assigned the lease to Lagniappe Willow Lake, LLC ("Lagniappe"). Since then, Lagniappe has owned and operated the Willow Lake-Womack No. 4 well, which was previously shut in. In addition to the mineral rights, Lagniappe also has a right-of-way on Idalia Plantation, as evidenced by an April 19, 2022 right-of-way agreement in which Lagniappe agreed to pay the Mayos $7,500.00 in exchange for the right-of-way. Lagniappe maintains that the

right-of-way is unnecessary and that it only agreed to pay Mr. Mayo $7,500.00 "as a means of buying peace[.]"

That right-of-way states, in part, that:

> Owner desires to grant the requested access to the Well and to permit installation and maintenance of flowlines, salt water lines and gas to and from said well, and Operator desires to conduct its operations in such a fashion as to minimize damage to the surface of owner's property and to compensate Owner for the damage which may be required, and therefore have entered this Surface Damage Release and Right of Way.

> For and in consideration of the sum of SEVEN THOUSAND, FIVE HUNDRED AND NO/100 ($7,500.00) DOLLARS, cash in hand paid, the receipt and adequacy of which is hereby acknowledged, Owner does, by this and these presents, confirm, grant and/or convey to Operator a servitude of passage or right of way across Owner's property . . . .

> . . . .

> It is agreed and understood that all of Operator's activities and all newly installed or future flowlines, saltwater lines, gas lines, and other appurtenances associated therewith shall be contained within the right-of-way described above[.]

On September 23, 2022, the Mayos filed a "Petition for Abatement of Nuisance and Rule to Show Cause" against Lagniappe, seeking a preliminary injunction requiring Lagniappe to remove certain equipment and supplies kept at the well site. The Mayos argued that the equipment and supplies constituted a nuisance and asked the court to order their removal. Specifically, they alleged:

> The equipment, skids, pumps, pipe and miscellaneous debris on the well site are an eyesore, block access to Mayo's road, and occupy sufficient surface to require vehicles utilized by Operator to service the well to circle around the stored equipment and to intrude unnecessarily and unreasonably upon surface which would otherwise be used for row crops, thus interfering with Mayo['s] peaceable possession and use of his property.

2

They further alleged that the equipment and debris "have no function related to production of minerals from the well, are not reasonably necessary for Operator to conduct its operations and occupy a substantial portion of Mayo's surface property not necessary for reasonable and prudent operation of the well."

In their petition, the Mayos prayed that Lagniappe appear and show cause "why a preliminary injunction should not [be] issue[d], enjoining, requiring and mandating that Defendant remove from the surface of Plaintiff's property, as described above, the unnecessary and unused equipment, skids, pumps, pipe and miscellaneous debris currently located on the well site described above." The Mayos further prayed that "the preliminary injunction described above be made permanent."

Lagniappe filed a reconventional demand, answer, and exceptions of no cause of action and no right of action on November 7, 2022. In its reconventional demand, Lagniappe alleged that the Mayos obstructed and deliberately denied their access to the well, in violation of the right-of-way agreement, and also damaged their equipment and well. Lagniappe asked for an injunction preventing the Mayos "from going upon the well site and from engaging in the type of harassing behavior described above."

The hearing on the Mayos' request for preliminary injunction was held on November 17, 2022 (Lagniappe's reconventional demand was not heard at this hearing). After the Mayos rested, Lagniappe moved for a directed verdict. Initially, the trial court indicated that it was going to grant the motion; however, after the Mayos' counsel argued in opposition, the trial court denied the motion. Thereafter, both parties sent proposed judgments and reasons for judgments to the trial court.

On January 23, 2023, the trial court denied Lagniappe's exceptions and entered a preliminary injunction without bond, finding that the subject equipment constituted a nuisance and requiring Lagniappe to remove the subject equipment at the wellsite.

On January 26, 2023, Lagniappe filed a motion for summary judgment, alleging the suit was prescribed. While the record in this appeal contains the motion for summary judgment, the record does not contain an opposition to the motion for summary judgment, nor a hearing transcript or judgment evidencing that the motion for summary judgment was ever ruled upon.

Lagniappe now appeals the trial court's denial of its exceptions, granting of the Mayos' preliminary injunction, and failure to find the case prescribed.

## ASSIGNMENTS OF ERROR

Lagniappe asserts the following as assignments of error:

1. The trial court erred when it failed to realize that, based on Mr. Mayo's own testimony at the hearing, this case is prescribed on its face.

2. The trial court erred when it granted a preliminary mandatory injunction, when the Louisiana Supreme Court has clearly stated that a preliminary mandatory injunction is not an available form of relief in Louisiana.

3. The trial court erred when it denied the exceptions of no cause and no right of action which challenged the availability of the preliminary mandatory injunction in this case, and then failed to provide written reasons after a timely request by defendant.

4. The trial court erred when it found that the spare materials located on the well site constituted a nuisance, and that the Surface Damage Release and Right of Way did not extinguish all claims raised in this lawsuit.

5. The trial court erred when it determined that the well and materials were clearly visible from the plaintiffs' house when all of the evidence submitted, most particularly a Google Earth photograph

4

showing distances submitted by defendant, shows that the well is more than 1,000 yards from Mr. Mayo's residence.

6.  The trial court erred when it failed to apply the uncalled witness rule when Sheila Bass Mayo, **a named plaintiff in this case**, did not testify or even appear at the hearing.

## DISCUSSION

At the outset, we note that Lagniappe raises two assignments of error that are not properly before our court. We will address those assignments of error first.

Prescription

In its first assignment of error, Lagniappe contends that it was error for the trial court not to realize that the case was prescribed on its face. We decline to reach the merits of this assignment.

Our review of the record reveals that Lagniappe filed a motion for summary judgment on January 26, 2023, alleging that the Mayos' nuisance claim was prescribed. This motion was filed three days after the trial court issued its ruling on the Mayos' requested injunctive relief and Lagniappe's exceptions, dated January 23, 2023. The trial court apparently set the motion for summary judgment for hearing, but the record does not reflect that an opposition was filed, a hearing was held, or a judgment was issued on prescription.

The judgment appealed here relates to the findings from the November 17, 2022 hearing: namely, the granting of Mayo's preliminary injunction and the denial of Lagniappe's exceptions of no cause of action and no right of action. There is no judgment in the record relating to prescription, nor was an exception of prescription filed in the appellate court pursuant to La.Code Civ.P. art. 2163, which would have permitted us to consider the merits of prescription on appeal. Under Uniform

5

Rules—Courts of Appeal, Rule 1–3, our scope of review on appeal is limited to "issues that were submitted to the trial court[.]"

Because the motion for summary judgment was never heard in the trial court and an exception of prescription was not filed in this court, it is improper for us to consider prescription, especially considering that the Mayos have not had an opportunity to present evidence in opposition. We, therefore, limit our appellate review to the judgment appealed and decline to consider the merits of Lagniappe's assignment of error pertaining to prescription.

"Uncalled Witness" Rule

Lagniappe alleges that the trial court erred in not applying an adverse presumption when Plaintiffs failed to call Sheila Bass Mayo, one of the named Plaintiffs, to testify at the November 17, 2022 hearing. The Louisiana supreme court in *Driscoll v. Stucker*, 04-589, p. 18 (La. 1/19/05), 893 So.2d 32, 47, set forth the "uncalled witness" rule: "An adverse presumption exists when a party having control of a favorable witness fails to call him or her to testify, even though the presumption is rebuttable and is tempered by the fact that a party need only put on enough evidence to prove the case."

Lagniappe did not raise the issue of adverse presumption at the preliminary injunction hearing. As we have held, "Appellate courts generally will not consider issues that were not addressed by the trial court and which are raised for the first time on appeal." *Hudson v. Strother*, 17-1044, p. 10 (La.App. 3 Cir. 5/2/18), 246 So.3d 851, 860. Because Lagniappe did not raise the issue of adverse presumption at the November 17, 2022 hearing, we decline to consider this issue.

The Trial Court's Granting of the Preliminary Injunction

The remainder of Lagniappe's assignments of error relate to the preliminary injunction hearing and the subsequent judgment.

Ordinarily, the standard of review on an appeal from an issuance of a preliminary or permanent injunction is manifest error. *Boh Bros. Constr. Co. v. Par. of Jefferson*, 20-472 (La.App. 5 Cir. 6/2/21), 325 So.3d 500, *writs denied*, 21-951, 21-950 (La. 10/19/21), 326 So.3d 259, 261.

However, "when a legal error interdicts the fact finding process, the manifest error standard no longer applies. If the record is otherwise complete, the reviewing court should conduct a *de novo* review and decide which party should prevail by a preponderance of the evidence." *Said v. Federated Rural Elec. Ins. Exchange*, 21-78, p. 3 (La. 4/20/21), 313 So.3d 1241, 1243 (citation omitted). When the manifest error standard of review applies, the factfinder's determination of credibility of witnesses is entitled to great deference. However, under the de novo standard of review, the appellate court reviews a cold record. *Latour v. Steamboats, LLC*, 23-27 (La. 10/20/23), 371 So.3d 1026. Furthermore, "the appellate court gives no additional weight to the trial court but, instead, conducts a de novo review and renders judgment on the record." *Thiels v. Dennis*, 09-957, p. 3 (La.App. 3 Cir. 2/3/10), 29 So.3d 715, 717.

Therefore, the proper standard of review here depends on our resolution of the legal error set forth by Lagniappe. We thus first consider Lagniappe's argument that the relief sought by the Mayos and granted by the trial court constitutes a preliminary mandatory injunction, which is not a valid form of relief in the State of Louisiana.

The purpose of a preliminary injunction is to preserve the existing status quo between parties, pending a full trial on the merits. *S. Cent. Bell Tel. Co. v. La. Pub.*

*Serv. Comm'n*, 555 So.2d 1370 (La.1990). It is an interlocutory procedural device. *Tokyo Japanese Steakhouse, Inc. v. Sohn*, 47,897 (La.App. 2 Cir. 5/15/13), 114 So.3d 543. Nevertheless, under La.Code Civ.P. art. 3612(B), "[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction[.]"

A mandatory injunction differs both procedurally and substantively from a preliminary injunction. *Tokyo*, 114 So.3d 543. A mandatory injunction orders a party to do a specific action and is, by its nature, permanent. *City of New Orleans v. Bd. of Dirs. of La. State Museum*, 98-1170 (La. 3/2/99), 739 So.2d 748; *Landry v. City of Mandeville*, 21-1362 (La.App. 1 Cir. 4/27/22), 342 So.3d 337, *writ denied*, 22-828 (La. 9/27/22), 347 So.3d 155. In order to succeed in proving a mandatory injunction, the party seeking the injunction must prove, by a preponderance of the evidence at an evidentiary hearing, that he is entitled to the injunction. *City of New Orleans*, 739 So.2d 748; *see also In re Harrier Trust*, 18-667 (La.App. 3 Cir. 10/17/18), 259 So.3d 402.

Although the law contemplates two separate hearings in permanent injunction cases—one for a preliminary injunction and one for a permanent injunction— "parties may agree to consolidate trial on the merits of a permanent injunction with the judgment issuing a preliminary injunction." *Mary Moe, L.L.C. v. La. Bd. of Ethics*, 03-2220, p. 10 (La. 4/14/04), 875 So.2d 22, 29. In *Dunn v. Sutton,* 381 So.2d 1221, 1221 (La.1980), the Louisiana Supreme Court granted a writ application in an injunctive relief case, stating: "Considering the absence of a stipulation by the parties to consolidate the trial on the merits for a permanent injunction with the trial of the rule for a preliminary injunction, the matter is remanded to the trial court for further proceedings in accordance with law." In cases of consolidation, then, express

8

agreement is required in order to submit the case for final decision at the preliminary injunction hearing.

In recent years, courts have questioned the availability of a preliminary mandatory injunction. In *Hyman v. Puckett*, 15-930, p. 8 (La.App. 4 Cir. 5/4/16), 193 So.3d 1184, 1189, the fourth circuit held: "Given mandatory injunctions and prohibitory injunctions have different procedural rules and evidentiary burdens, as a matter of law it is not possible to issue a mandatory preliminary injunction." The court further explained:

> Jurisprudence is clear that a preliminary injunction hearing may not be converted to a permanent injunction hearing absent a stipulation by the parties. Finding there was no stipulation made by the parties, the trial court was required to try as an ordinary proceeding the permanent injunction prior to issuance of any mandatory orders. Therefore, we find the trial court erred as a matter of law when it improperly issued a mandatory preliminary injunction.

*Id.* at 1191–92. The first circuit in *Moore v. iDream Enterprises, Inc.*, 22-418, p. 7 (La.App. 1 Cir. 12/14/23), ___ So.3d ___, *writ denied*, 04-67 (La. 3/4/24), ___ So.3d ___, reiterated this holding, stating that "a mandatory injunction cannot, as a matter of law, be a preliminary injunction."

The record in this case reveals that the trial court impermissibly merged the substantive and procedural aspects of a preliminary injunction and a mandatory injunction into one. The Mayos, in their Petition for Abatement of Nuisance, prayed for a preliminary injunction and asked for removal of equipment from the wellsite. At the hearing on the preliminary injunction, the trial court allowed live testimony and the introduction of evidence into the record. However, there is no indication that the parties consented to combining the preliminary and permanent injunction into one proceeding.

After the hearing on the Mayos' request for preliminary injunction, the trial court issued its judgment, stating, in part:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a preliminary injunction issue herein, without bond, directed to Lagniappe, its agents, employees and all persons or corporations acting [on] its behalf, directing that unused oil field equipment consisting of two skids, motors, pumps, tanks, pipe and other miscellaneous equipment owned by and stored by Lagniappe on the property of Mayo shall be removed from Mayo's property within Forty Five (45) days from date hereof.

Thus, the trial court purported to grant a preliminary injunction, as evidenced by the Mayos' petition, the title of the hearing, and the judgment itself. On the other hand, the trial court referred to the relief granted as a "mandatory injunction" in its written reasons, contradicting the court's judgment specifically granting a preliminary injunction.[1] Regardless, the trial court effectively granted a mandatory injunction, as the ordering of Lagniappe to remove equipment required Lagniappe to take an action.

The trial court's actions following the January 23, 2023 judgment further demonstrate a conflation of a preliminary injunction and mandatory injunction. Lagniappe filed a motion for devolutive appeal on February 2, 2023 (less than fifteen days after the date of the judgment), and thereafter filed a motion for suspensive appeal on February 13, 2023 (more than fifteen days after the date of judgment). The Mayos filed an opposition to Lagniappe's motion for suspensive appeal, arguing that

---

[1] For our purposes, it is the judgment appealed, not the written reasons, that is before an appellate court on review. As the Louisiana Supreme Court stated in *Bellard v. American Central Insurance Company*, 07-1335, 07-1339, p. 25 (La. 4/18/08), 980 So.2d 654, 671, "the district court's oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment. LSA–C.C.P. art. 1918; *Burmaster v. Plaquemines Parish Government,* 07–1311, p. 1 (La.8/31/07), 963 So.2d 378, 379." Furthermore, "[t]he written reasons for judgment are merely an explication of the [t]rial [c]ourt's determinations. They do not alter, amend, or affect the final judgment being appealed[.]" *State In re Mason,* 356 So.2d 530, 532 (La.App. 1 Cir. 1977); *see also Wooley v. Lucksinger*, 09-571, 09-584, 09-585, 09-586 (La. 4/1/11), 61 So.3d 507.

Lagniappe's motion was untimely pursuant to La.Code Civ.P. art. 3612, which states that an appeal of a judgment relating to a preliminary injunction "must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment." The appeal deadline for a final or mandatory injunction is not limited to fifteen days, but rather is subject to the normal appeal delay of thirty days found in the Louisiana Code of Civil Procedure governing ordinary proceedings. La.Code Civ.P. art. 2123; La.Code Civ.P. art. 3612(D); *see also Deshotels v. White*, 16-889 (La.App. 1 Cir. 8/16/17), 226 So.3d 1211, *writ denied*, 17-1565 (La. 12/5/17), 231 So.3d 628. The trial court signed an order denying as untimely Lagniappe's motion for suspensive appeal, thus applying the shortened deadline associated with a preliminary injunction, rather than the regular deadline associated with a mandatory injunction.

All of these actions show that the trial court improperly combined the substantive and procedural components of a preliminary and mandatory injunction.

Most importantly, our review of the record does not reveal that the parties stipulated to consolidate the preliminary injunction hearing and the permanent injunction hearing. Given the absence of any such agreement, we find that the trial court committed legal error by granting a preliminary mandatory injunction.

Since a legal error interdicted the factfinding process, we review the trial court's findings under the de novo standard of review. *Said*, 313 So.3d 1241. Under a de novo review, we are permitted to render judgment on the record. *Id.*; *Thiels*, 29 So.3d 715.

In the absence of a stipulation, the only issue properly before the trial court at the November 17, 2022 hearing was the availability of a preliminary injunction and the exceptions of no cause and no right of action filed by Lagniappe.

11

As discussed above, the relief sought by the Mayos could not and cannot be granted in the form of a preliminary injunction. A request to remove equipment is a request to do something, which is a request for a mandatory injunction—a type of permanent injunction. Therefore, the trial court could not grant a preliminary injunction and thus erred by granting one. We vacate the portion of the judgment granting a preliminary injunction and remand for further proceedings.

As to Lagniappe's exceptions, Lagniappe claims that the Mayos do not have a right of action based on their allegations in their petition. Lagniappe, therefore, says the trial court erred by not granting its exception. As we recently explained in *McKay v. Fontenot*, 22-690, p. 4 (La.App. 3 Cir. 6/28/23), 368 So.3d 282, 285, *writ denied*, 23-1040 (La. 11/8/23), 373 So.3d 62:

> The peremptory exception of no right of action, La.Code Civ.P. art. 927(A)(6), is based on La.Code Civ.P. art. 681, which provides that "an action can be brought only by a person having a real or actual interest which he asserts." "The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition." *Badeaux v. Southwest Computer Bureau, Inc.*, 05-612, p. 6 (La. 3/17/06), 929 So.2d 1211, 1217. The exception questions "whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation." *Id.*

Our review of the record reveals that the Mayos set forth a nuisance claim when they alleged that various equipment and debris owned by Lagniappe constituted an eyesore and interfered with their enjoyment of the property. The petition further alleged that the Mayos were surface owners of the property where the subject equipment was located. At the hearing, there was no dispute regarding the Mayos' status as surface property owners, nor was there any dispute regarding the existence of certain equipment at the wellsite. Accordingly, we find that the Mayos have a right of action, as they are members of the class having a legal interest

in the nuisance claim. It was not error for the trial court to deny Lagniappe's exception of no right of action.

Lagniappe also alleges that the Mayos do not have a valid cause of action because they improperly sought a preliminary mandatory injunction.

> The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. *Jarrell v. Carter,* 577 So.2d 120 (La.App. 1 Cir.), *writ denied,* 582 So.2d 1311 (La.1991). The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. LA.CODE CIV.P. arts. 927, 931; *Mayer v. Valentine Sugars, Inc.,* 444 So.2d 618 (La.1984) . . . . The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief. *Jarrell,* 577 So.2d at 120.

> . . . .

> An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. *Board of Comm'rs of Orleans Levee Dist.,* [93-690 (La. 7/5/94)] 640 So.2d [] 237. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law.

*City of New Orleans*, 739 So. 2d at 755–56.

In their Petition for Abatement of Nuisance, the Mayos prayed for a preliminary injunction "requiring removal of said property from the well site located on [their] property" and further asked that "in due course, the preliminary injunction . . . be made permanent." As discussed above, this type of relief is not possible, as a

preliminary injunction requiring Lagniappe to do something is effectively a mandatory injunction.

However, after viewing the petition in the light most favorable to Plaintiffs, we find that the petition states a valid cause of action. The Mayos alleged that the storage of certain equipment on their property constituted a nuisance pursuant to La.Civ.Code arts. 667 and 668. They further alleged violations of the Louisiana Mineral Code, including Lagniappe's failure to act as a reasonably prudent operator under La.R.S. 31:122. They specified what equipment and debris the nuisance entailed, where the alleged nuisance was located, how it interfered with their enjoyment and peaceable possession, and how they were damaged.

While the petition incorrectly requested relief in the form of a preliminary mandatory injunction, the petition alleged well-pleaded facts to support a nuisance claim. The Mayos also alleged sufficient facts to give rise to other forms of relief, such as a mandatory injunction. Therefore, the trial court did not err in denying Lagniappe's exception of no cause of action.

Our vacating of the trial court's granting of the preliminary mandatory injunction renders Lagniappe's remaining assignment of errors—both of which relate to the substantive, factual findings—moot.

**DECREE**

For the foregoing reasons, we vacate the portion of the judgment granting a preliminary mandatory injunction and affirm the portion of the judgment denying Lagniappe's exceptions of no cause of action and no right of action. We remand the case for further proceedings consistent with this opinion. Costs of this appeal are assessed equally between Appellant, Lagniappe Willow Lake, LLC, and Appellees, Everette D. Mayo, Jr. and Sheila Bass Mayo.

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**

15